S97A0139, S97A0140. GRANTHAM v. THE STATE (two cases).
(481 SE2d 219)

HUNSTEIN, Justice.

Grantham was indicted for the felony murder of Henry Lamar Jeffcoat and he was separately indicted for an armed robbery at the Riverdale Cinema. The indictments were consolidated for trial on the basis that the crimes were carried out in furtherance of a scheme to operate a crime ring and share the proceeds of the criminal activity. Grantham pled guilty but mentally ill to both charges in June 1995. He was sentenced to life imprisonment for the felony murder and a 20-year concurrent sentence for the armed robbery. In July 1996 Grantham filed pro se motions for out-of-time appeal in each case alleging that his pleas were involuntary. The trial court denied the motions on September 4, 1996 in a consolidated order and Grantham filed a timely pro se notice of appeal.

Two recent cases have addressed the issue of out-of-time appeals and held that the proper analysis is not a two-part test, but consists of a series of threshold determinations. See *Morrow v. State,* 266 Ga. 3 (463 SE2d 472) (1995); *Smith v. State,* 266 Ga. 687 (470 SE2d 436) (1996). An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. *Smith v. State,* supra. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

Appellant does not contend that in accepting the guilty pleas the trial court erroneously failed to determine, on the record, that the pleas were voluntary pursuant to Uniform Superior Court Rule 33.7.

Rather, he maintains that factors outside of the hearing affected the so-called voluntariness of his pleas in that he was threatened by the prosecutor and was under duress for having to proceed to trial with an undesirable attorney. Under these circumstances, an out-of-time appeal is not mandated because the issues which appellant seeks to raise cannot be resolved by reference to facts contained in the record. The issues of the voluntariness of Grantham's pleas and the effectiveness of his counsel can be developed only in the context of a post-plea hearing. *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996) (direct appeal not available when defendant did not contend that the trial court failed to follow established procedure in accepting his guilty plea, but claimed that his plea was involuntary and his counsel ineffective). Accordingly, it follows that the trial court correctly denied the motion for an out-of-time appeal and that appellant must pursue a habeas corpus action as his remedy. *Morrow v. State*, supra.

*Judgment affirmed. All the Justices concur, except Benham, C. J., Fletcher, P. J. and Sears, J., who dissent.*

SEARS, Justice, dissenting.

I respectfully dissent. Grantham appeals from the denial of his request for permission to file an out-of-time appeal. Grantham, if he is allowed an out-of-time appeal, seeks to raise as an issue the voluntariness of his guilty plea due to alleged coercion by the prosecutor. Under the case law, Grantham would be entitled to an out-of-time appeal only if (1) a timely direct appeal was not filed due to the ineffective assistance of counsel, and (2) if the issue on appeal can be resolved by reference to the facts appearing in the record, "including the transcript of his guilty plea hearing."[1] The majority rejects Grantham's appeal because it reasons that neither of these determinations can be made without the benefit of a post-plea hearing.[2]

Regarding the first criteria — the effectiveness, or not, of counsel — this Court has held that the disposition of a motion to file an out-of-time appeal *requires* the finder of fact to determine whether the ultimate responsibility for the failure to file an out-of-time appeal rests with the appellant or with counsel.[3] Thus, contrary to the majority opinion, that particular issue is intended to be resolved by the trial court in the context of a post-plea hearing, when ruling on the motion for out-of-time appeal. Under the majority's ruling that the issue of counsel's effectiveness must be capable of being resolved

---

[1] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

[2] Op. at 636.

[3] *Bell v. Hopper*, 237 Ga. 810 (229 SE2d 658) (1976). See *Evans v. State*, 198 Ga. App. 537, 539 (402 SE2d 131) (1991); *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985) (Carley, J.).

on the record, no movant will ever be able to show that the failure to file a timely appeal was due to his counsel's ineptitude. In order to make this showing, a movant must show either that (1) his lawyer did not inform him of his rights of appeal, and hence he could not exercise them,[4] or (2) he was informed of his rights of appeal, and told his lawyer he wanted to exercise those rights, but his lawyer nonetheless failed to file an appeal. The Uniform Rules, however, do not require trial courts, when accepting guilty pleas, to inform defendants of their rights of appeal on the record, and as a general practice, attorneys do not inform their clients of their rights of appeal (or fail to do so) on the record, either. Yet the majority opinion states that unless the issue of whether the failure to file a timely appeal was due to ineffective assistance can be resolved on the record, the out-of-time-appeal must be denied. Because this issue is incapable of being resolved on the record, the majority has precluded any possibility of making this showing.

Furthermore, there is no support in relevant precedent for the majority's assertion that a trial court may not reach issues regarding the effectiveness of counsel unless it first determines that the issue sought to be raised on appeal can be resolved by reference to the record. To the contrary, this Court's ruling in *Bell v. Hopper*, discussed above, indicates the opposite.[5] In fact, for an appellate court to effectively and efficiently review an appeal from an order denying a motion for out-of-time appeal, the trial court must initially determine whether counsel's ineffectiveness precluded a direct appeal. To illustrate — suppose a trial court, in accordance with the majority opinion, rules that an issue sought to be raised in an out-of-time appeal cannot be decided from the record, and denies the motion to file such an appeal. That decision will then be appealed. If the appellate court determines that the trial court's decision was erroneous, it cannot make any dispositive ruling because the issue of the effectiveness of counsel has not been resolved by the finder of fact, as it must be. Thus, the appellate court would have to remand the matter for a determination of effectiveness, and another appeal would be taken from that ruling. This is hardly a model of judicial efficiency.[6]

---

[4] A lawyer who does not inform his client of his right to appeal a criminal conviction is ineffective. *Bell*, supra.

[5] 237 Ga. at 811.

[6] Moreover, having granted a right of appeal to all convicted criminal defendants, the State is forbidden by due process and equal protection concerns from arbitrarily excluding any party from exercising that right. *Evitts v. Lucey*, 469 U. S. 387, 393 (105 SC 830, 83 LE2d 821) (1985); *Griffin v. Illinois*, 351 U. S. 12, 17-20 (76 SC 585, 100 LE2d 891) (1956). Due process and equal protection require that, once the State has created a right of appeal, it must "offer each defendant a fair opportunity to obtain adjudication on the merits of his appeal." *Evitts*, 469 U. S. at 405. By ruling that the effectiveness of counsel need not be addressed unless the issue to be raised can be resolved on the record, the majority opinion

Regarding the second criteria to be addressed in resolving a motion for permission to file an out-of-time appeal — whether the issue sought to be raised can be resolved by reference to the record — the majority opinion holds that "[t]he issues of the voluntariness of Grantham's pleas . . . can be developed only in the context of a post-plea hearing."[7] However, Uniform Superior Court Rule 33.7 places an affirmative duty on the trial court to accept a guilty plea *only* after "first determining *on the record*, that the plea is voluntary . . . and whether . . . any force or threats were used to obtain the plea." Thus, while the opinion indicates that trial courts have no affirmative duty to create a record establishing that a guilty plea is voluntarily entered without coercion, the Superior Court Rules create that exact duty. In fact, my reading of Superior Court Rules 33.7 through 33.11 leads me to conclude that if the voluntariness of a guilty plea cannot be determined from the facts appearing in the record, then nothing can be.

For these reasons, as well as those stated in my dissent to the majority opinion in *Morrow v. State*,[8] I dissent.

I am authorized to state that Chief Justice Benham and Presiding Justice Fletcher join in this dissent.

DECIDED FEBRUARY 24, 1997 —
RECONSIDERATION DENIED MARCH 13, 1997.

Christopher T. Grantham, *pro se.*
Robert E. Keller, *District Attorney,* Clifford A. Sticher, *Assistant District Attorney,* Michael J. Bowers, *Attorney General,* for appellee.

