S97A1801. SMITH v. THE STATE.
(494 SE2d 668)

FLETCHER, Presiding Justice.

Charles Parson Smith, Jr., entered a plea of guilty in 1995 to fel-

ony murder in connection with the shooting death of Bettie Holmes. In 1997, he filed a motion for an out-of-time appeal on the grounds that his lawyer never advised him of his right to appeal his conviction. The trial court denied the motion and we affirm.

An out-of-time appeal is granted in this state when a defendant has the right to file a direct appeal, but is denied that right due to ineffective assistance of counsel.[1] We have held that a defendant who enters a guilty plea has the right to file a direct appeal from the conviction and judgment "only if the issue on appeal can be resolved by facts appearing in the record."[2] Thus, we recently concluded that a defendant could not file an out-of-time appeal from a guilty plea based on his attorney's failure to inform him of his right to appeal because he proposed no questions to raise on appeal that could be resolved by facts appearing in the record.[3]

Because the defendant in this case seeks to raise the same issue of trial counsel's failure to inform him of his right to appeal, which cannot be decided by a review of the existing record, the trial court properly denied his motion to file an out-of-time appeal.[4] Smith's remedy for challenging his ineffective assistance of counsel and other claims is through a petition for the writ of habeas corpus.

*Judgment affirmed. All the Justices concur, except Benham, C. J., and Sears, J., who dissent.*

SEARS, Justice, dissenting.

For the reasons amply expressed in my dissents in *Morrow v. State*[5] and *Grantham v. State*,[6] in addition to those reasons expressed by Chief Justice Benham in *Smith v. State*,[7] I respectfully dissent.

I am authorized to state that Chief Justice Benham joins in this dissent.

DECIDED JANUARY 26, 1998.

*Charles P. Smith, Jr., pro se.*
*Kelly R. Burke, District Attorney, Thurbert E. Baker, Attorney*

---

[1] See *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997); *Lay v. State*, 242 Ga. 225, n. 1 (248 SE2d 611) (1978); *McAuliffe v. Rutledge*, 231 Ga. 745, 746 (204 SE2d 141) (1974).

[2] *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995).

[3] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

[4] See *Grantham*, 267 Ga. at 636 (issues of voluntariness of plea and effectiveness of counsel can be developed only in context of a post-plea hearing); *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996) (same).

[5] 266 Ga. 3, 4 (463 SE2d 472) (1995).

[6] 267 Ga. 635, 636 (481 SE2d 219) (1997).

[7] 266 Ga. 687, 688 (470 SE2d 436) (1996).

*General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.