S00A2039. GRIMMETTE v. THE STATE.
(544 SE2d 427)

HINES, Justice.

In 1985, Grimmette entered pleas of guilty to charges of malice murder, kidnapping with bodily injury, aggravated assault, terroristic threat, and two counts of burglary in connection with the killing of his former wife, Gwendolyn Grimmette; the State did not seek the death penalty. Grimmette did not appeal at that time. In July 2000, he moved for an out-of-time appeal, and the court denied the motion. He appeals, and we affirm.[1]

1. The trial court determined that an out-of-time appeal was not warranted as to Grimmette's claims of ineffective assistance of counsel, lack of voluntariness due to mental impairment and medication at the time of the plea, and lack of understanding of the elements of the crimes of which he was charged, because these issues could not be decided on the record. The trial court's ruling is correct.

> In order for an out-of-time appeal to be available to a defendant on the basis of alleged ineffective assistance of counsel, the defendant must have had the right to file a direct appeal, and in the case of a guilty plea, a direct appeal will lie only if the issue on appeal is capable of resolution by reference to facts on the record.

*Stewart v. State*, 268 Ga. 886, 887 (494 SE2d 665) (1998). Resolution of these claims would have required facts to be established that were not on the record and therefore no out-of-time appeal is available.[2]

---

[1] The crimes occurred on June 5, 1985. In the September 1985 term, a DeKalb County grand jury indicted Grimmette for malice murder, kidnapping with bodily injury, aggravated assault, terroristic threat, and two counts of burglary. He pled guilty on September 24, 1985, and that same day was sentenced to life in prison for malice murder, a consecutive term of life in prison for kidnapping with bodily injury, three terms of twenty years in prison for the aggravated assault and burglary charges, to be served concurrently with the sentence for kidnapping with bodily injury and consecutively to the malice murder sentence, and five years in prison for committing terroristic threats and acts, to be served concurrently with the kidnapping with bodily injury, aggravated assault, and burglary sentences, and consecutively to the malice murder sentence. He filed a motion for an out-of-time appeal on July 10, 2000, which was denied on July 20, 2000. Grimmette filed his notice of appeal on August 4, 2000, his appeal was docketed in this Court on August 30, 2000, and submitted for decision on October 23, 2000.

[2] Prior to moving for an out-of-time appeal, Grimmette filed a petition for habeas

2. Grimmette contends that there was no factual showing on the record that he committed kidnapping with bodily injury. See Uniform Superior Court Rule 33.9. However, as the trial court correctly found, facts were placed in the record that established the kidnapping, and that the victim's bodily injuries were a result of that kidnapping. See *Lamunyon v. State*, 218 Ga. App. 782, 784-785 (4) (463 SE2d 365) (1995).

*Judgment affirmed. All the Justices concur, except Hunstein, J., who is disqualified.*

DECIDED MARCH 19, 2001.

Joel T. Grimmette, *pro se.*

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.

---

corpus, apparently arguing that trial counsel was ineffective. The State did not advance any argument that the habeas petition precluded the motion for out-of-time appeal, but the transcript of the hearing on the habeas corpus petition was before the court when it addressed the motion. However, the requirement that appeal issues following a guilty plea must be capable of resolution by reference to facts on "the record" relates to the record of the judgment sought to be appealed. See *Stewart v. State*, supra. Records established in collateral attacks upon a conviction do not produce a right to an appeal from the plea and judgment.