## A02A0271. JACKSON v. THE STATE.
### (567 SE2d 718)

POPE, Presiding Judge.

Alton D. Jackson appeals the denial of his motion for an out-of-time appeal of his convictions, based on a guilty plea, to one count each of child molestation and statutory rape. He also appeals the denial of his motion to set aside the convictions.

1. A defendant moving for an out-of-time appeal following a conviction and sentence based on a guilty plea bears the burden of showing two things: first, that he or she actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel. *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

A criminal defendant has a right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea if at least one issue on appeal can be resolved by facts appearing in the record, including the transcript of his guilty plea hearing. *Thorpe v. State*, 253 Ga. App. 263 (558 SE2d 804) (2002). Jackson has met this test. He asserts that the trial court failed to establish on the record a factual basis for accepting the guilty plea in accordance with Uniform Superior Court Rule 33.9, which is an issue that can be resolved from the face of the record. See *State v. Evans*, 265 Ga. 332, 333-335 (1), (2) (454 SE2d 468) (1995); *Caldwell v. State*, 213 Ga. App. 531 (1) (445 SE2d 560) (1994) (physical precedent only).

With regard to ineffective assistance, Jackson claims that he asked his trial counsel to file an appeal but that his counsel failed to do so. See, e.g., *Webb v. State*, 254 Ga. 130, 131 (327 SE2d 224) (1985). "If [Jackson] was not responsible for his failure to file a timely notice of appeal, the trial court should have granted his motion for an out-of-time appeal." *Thorpe*, 253 Ga. App. at 264. But here, there is no indication that the trial court in this case inquired into the truth of Jackson's claim that his lawyer failed to follow his instructions. A trial court abuses its discretion if it fails to make a factual inquiry into the defendant's allegations that trial counsel's ineffective assistance deprived the defendant of his right to appeal and whether the defendant voluntarily waived that right. Id. We therefore reverse the denial of Jackson's motion for an out-of-time appeal and remand for a hearing on this issue. Id.

2. Jackson also appeals the denial of his self-styled "Motion to Vacate Void Guilty Plea." He claims the conviction was void. A void

judgment may be attacked at any time. See OCGA § 17-9-4. But, looking at the substance of the motion rather than the name, the filing was actually a motion to withdraw a guilty plea. His motion is thus untimely because it was filed after the term of court in which the plea was entered. *Thompson v. State*, 274 Ga. 818 (559 SE2d 730) (2002). Accordingly, we find no error in the trial court's denial of the motion.

*Judgment affirmed in part and reversed in part and case remanded with direction. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 21, 2002.

Alton D. Jackson, *pro se.*

Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Charles P. Boring, Assistant District Attorneys, for appellee.