A02A2395. RITTENBERRY v. THE STATE.
(580 SE2d 321)

PHIPPS, Judge.

In November 1999, Wesley Rittenberry, then represented by counsel, pled guilty to selling cocaine. Nineteen months later, he filed a pro se motion for out-of-time appeal claiming ineffective assistance of counsel, which the trial court summarily denied. On appeal, Rittenberry contends that the trial court erred in denying his motion without conducting an evidentiary hearing and making specific findings of fact and conclusions of law. This contention is without merit, and we affirm.

An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has

pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.[1]

Even assuming that Rittenberry's failure to file a timely appeal was due to ineffective assistance of counsel, this case is controlled adversely to him by *Grantham v. State*[2] and *Caine v. State*.[3] Like the appellant in *Grantham*, Rittenberry does not contend that in accepting the guilty plea the trial court erroneously failed to determine on the record that the plea was voluntary. Rather, he claims that factors outside of the hearing affected the voluntariness of his plea in that his defense counsel rendered ineffective assistance and he was thus acting under the duress of facing trial with an undesirable attorney.

In *Grantham*, our Supreme Court relied on *Caine* for the proposition that a direct appeal is not available when a defendant does not contend that the trial court failed to follow established procedures in accepting his guilty plea, but instead claims that his plea was involuntary and his counsel was ineffective. Such a claim cannot be adjudicated in an out-of-time appeal because the issues of the voluntariness of a defendant's plea and the effectiveness of his counsel "can be developed only in the context of a post-plea hearing"[4] such as a hearing pursuant to a motion to withdraw a guilty plea, or in this case, a petition for writ of habeas corpus.[5]

Notably, in his appellate brief, Rittenberry makes no argument that any particular act or omission on the part of his trial attorney constituted ineffective counsel or that any such claim of ineffectiveness can be resolved by the record. In fact, Rittenberry urges the opposite — that an evidentiary hearing is required.

Accordingly, under the circumstances presented here, we find no error in the court's denial of Rittenberry's motion for an out-of-time appeal without conducting a hearing or making specific findings of fact and conclusions of law.[6]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[1] (Citation omitted.) *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997).

[2] Id.

[3] 266 Ga. 421 (467 SE2d 570) (1996).

[4] Id. at 422 (existing record, including the transcript of the guilty plea hearing, was immaterial to the appeal); see *Grantham*, supra at 636; *Thorpe v. State*, 253 Ga. App. 263, n. 1 (558 SE2d 804) (2002).

[5] *Grantham*, supra at 636; *Caine*, supra at 421-422.

[6] See *Johnson v. State*, 275 Ga. 390, 391 (3) (565 SE2d 805) (2002); *Grantham*, supra at 635.

DECIDED MARCH 26, 2003.

Wesley Rittenberry, *pro se.*

Kenneth W. Mauldin, *District Attorney, Edward H. Brumby, Jr., Assistant District Attorney*, for appellee.