A03A1389. SIMPSON v. THE STATE.
(588 SE2d 291)

RUFFIN, Presiding Judge.

Dwayne Simpson pled guilty to aggravated assault in 1995. Almost eight years later, Simpson moved for an out-of-time appeal, arguing that his trial counsel's ineffectiveness frustrated his right to a direct appeal. The trial court denied the motion, and Simpson appeals, proceeding pro se. For reasons that follow, we affirm.

The denial of a motion for out-of-time appeal falls within the trial court's discretion, and we will not reverse the trial court's ruling absent an abuse of that discretion.[1] Furthermore, although an out-of-time appeal is appropriate when counsel's ineffectiveness frustrates a defendant's *right* to appeal, "[a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea."[2] As explained by our Supreme Court,

> [a] direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.[3]

---

[1] See *Neisler v. State*, 253 Ga. App. 193, 194 (1) (556 SE2d 258) (2002).
[2] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).
[3] (Citation omitted.) *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997).

1. Simpson points to two substantive issues that he contends entitle him to a direct appeal. First, he argues that the sentencing judge improperly intervened in his plea discussions with defense counsel, undermining the voluntariness of his plea. He further claims that defense counsel's lack of familiarity with certain evidentiary rules prevented counsel from properly advising him regarding his chances at trial.

To support these claims, Simpson cites his habeas corpus transcript, which he attached to his motion below. That transcript, however, cannot provide the basis for a direct appeal from Simpson's guilty plea. "[T]he requirement that appeal issues following a guilty plea must be capable of resolution by reference to facts on 'the record' relates to the record of the judgment sought to be appealed."[4] In other words, the record developed in a collateral attack on a conviction — such as through habeas corpus proceedings — "[does] not produce a right to an appeal from the [guilty] plea and judgment."[5]

At his guilty plea hearing, Simpson stated, without equivocation, that no one forced him to plead guilty, threatened him in any way, or offered him any inducement or reward in exchange for the plea. He further stated that he made the plea freely and voluntarily, after discussing the matter with his attorney. Although Simpson now asserts that the trial court interjected itself into plea discussions and that trial counsel lacked the knowledge necessary to properly advise him, the transcript from his plea hearing does not support his claims. Moreover, the other evidence Simpson cites to prove his allegations does not appear in the record. Accordingly, Simpson had no right to a direct appeal on these grounds, and the trial court correctly denied his motion for out-of-time appeal.[6]

2. Simpson also argues that he is entitled to an out-of-time appeal because neither the sentencing court nor his trial counsel informed him that, if he wished to appeal from his guilty plea and could not afford counsel, the court would appoint counsel for him. As

---

[4] *Grimmette v. State*, 273 Ga. 552, 553, n. 2 (544 SE2d 427) (2001).

[5] Id.

[6] See id. at 552 (1); *Grantham*, supra at 636; *Rittenberry v. State*, 260 Ga. App. 571, 572 (580 SE2d 321) (2003) (defendant's claim that plea was involuntary and counsel was ineffective "cannot be adjudicated in an out-of-time appeal because the issues of the voluntariness of a defendant's plea and the effectiveness of his counsel 'can be developed only in the context of a post-plea hearing' "). Such claims are properly raised through a petition for writ of habeas corpus. See *Grantham*, supra. It appears, however, that Simpson may have already asserted these claims in a habeas corpus petition, potentially subjecting them to res judicata. See *Walker v. Penn*, 271 Ga. 609, 610 (1) (523 SE2d 325) (1999) ("Issues previously decided by a court of competent jurisdiction are conclusive and constitute a procedural bar to relitigation. [Cits.] The principle of res judicata contained in OCGA § 9-12-40 is also binding in habeas corpus proceedings."); *Turner v. Balkcom*, 219 Ga. 48, 49 (131 SE2d 563) (1963) (affirming denial of second habeas corpus petition on res judicata grounds).

found in Division 1, however, Simpson did not have a *right* to file a direct appeal in this case.[7] It follows that he had no right to appointed counsel — or information regarding appointed counsel — for such an appeal.[8]

3. Despite Simpson's argument to the contrary, the trial court was not required to hold a hearing on his motion for out-of-time appeal or include specific factual or legal findings in its written order.[9] We also reject Simpson's claim that the trial court erred in denying his motion because "the State neither refuted the assertions as set out in his motion, nor attempt[ed] to do so." As the movant, Simpson "had the burden to show a 'good and sufficient' reason for his entitlement to an out-of-time appeal."[10] Because he failed to carry that burden, the trial court properly denied the motion.

4. Finally, Simpson argues that the trial judge should have recused himself before ruling on the motion for out-of-time appeal. Again, we find no error.

The record shows that Simpson pled guilty to two indictments on the same day in 1995. The first included the aggravated assault offense, and the second charged Simpson with possession of cocaine with intent to distribute. At that time, Judge Dwayne Gillis, who denied Simpson's motion for out-of-time appeal in January 2003, apparently represented Simpson's co-defendant in the drug charge.

Simpson contends that Judge Gillis had "an obvious conflict of interest" that prevented "fair determination and consideration" of his motion for out-of-time appeal. As noted by the State, however, Judge Gillis represented Simpson's co-defendant in the indictment alleging cocaine possession, not in the aggravated assault indictment. And Simpson filed his motion for out-of-time appeal in the assault case, rather than the drug case.[11] Thus, we fail to see a conflict of interest. Furthermore, even if such a conflict existed, we cannot discern any harm here. Simpson's attacks on his guilty plea cannot be resolved on the record and thus are not a proper basis for an out-of-time appeal.[12]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

---

[7] See *Smith*, supra.

[8] See *Johnson v. State*, 275 Ga. 390, 391 (2) (565 SE2d 805) (2002); *Smith*, supra at 687-688.

[9] See *Rittenberry*, supra.

[10] (Punctuation omitted.) *Smith*, supra at 687.

[11] The style of Simpson's motion for out-of-time appeal also references a third indictment, Case No. 93 F-80, which the State dismissed as part of Simpson's plea agreement.

[12] See *Gillman v. State*, 239 Ga. App. 880, 883 (2) (b) (522 SE2d 284) (1999) (even if erroneous, trial court's failure to recuse itself was not a proper basis for reversal because defendant could not show harm).

DECIDED OCTOBER 1, 2003.

Dwayne Simpson, *pro se.*
Richard E. Currie, *District Attorney*, Allen R. Knox, *Assistant District Attorney*, for appellee.