A03A2079. HEAVENER v. THE STATE.
(590 SE2d 215)

PHIPPS, Judge.

Christopher Heavener, pro se, appeals the trial court's denial of his motion for an out-of-time appeal. We affirm.

In January 1999, Heavener entered a negotiated guilty plea to armed robbery and possession of a firearm by a convicted felon. Heavener did not file a direct appeal of his guilty plea. In 2003, Heavener moved, pro se, for an out-of-time appeal. In his motion, Heavener asserted that (1) his trial counsel was ineffective for failing to tell him that he could move to withdraw his guilty plea and appeal the denial of any motion to withdraw his guilty plea; (2) the judge failed to inform him of the elements of armed robbery; (3) the state breached its plea agreement; (4) the trial court told him incorrect information about his possible sentence; and (5) his guilty plea was void due to a defect in the indictment. The trial court denied Heavener's motion.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion."[1] "An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal."[2] "A defendant moving for an out-of-time appeal following a conviction and sentence based on a guilty plea bears the burden of showing two things: first, that he or she actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel. [Cit.]"[3]

[1] (Citation and punctuation omitted.) *Neisler v. State*, 253 Ga. App. 193, 194 (1) (556 SE2d 258) (2001).
[2] (Citations and punctuation omitted.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).
[3] *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002).

The trial court did not abuse its discretion when it denied Heavener's motions for an out-of-time appeal because Heavener failed to show that he lost an actual right to a direct appeal as a result of his counsel's ineffectiveness. Because no motion to withdraw his guilty plea was filed and no order denying such a motion was entered, Heavener had no right of appeal that was lost as a result of his counsel's ineffectiveness. Heavener's redress for his counsel's alleged ineffectiveness in failing to tell him about the option of moving to withdraw his guilty plea is in a habeas corpus proceeding.[4]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 2003.

Christopher Heavener, *pro se.*
*Stephen D. Kelley, District Attorney, George C. Turner, Jr., Assistant District Attorney,* for appellee.

