## A04A0050. JACKSON v. THE STATE.
(597 SE2d 535)

RUFFIN, Presiding Judge.

Kelvin Jackson, proceeding pro se, appeals the trial court's denial of his motion for an out-of-time appeal. Finding no error, we affirm.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion."[1] If a defendant moves for an out-of-time appeal after he has entered a guilty plea, he "bears the burden of showing two things: first, that he . . . actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel."[2] "[A] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea."[3] Moreover, such direct appeal may only be considered to the extent the issues on appeal can be resolved by reference to facts on the existing record.[4] "Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met."[5]

Here, Jackson contends that he received ineffective assistance of counsel in that his attorney: (1) had a conflict of interest; (2) failed to file an entry of appearance; (3) failed to file a motion to withdraw the guilty plea; and (4) failed to petition to have his sentence reviewed. However, none of these contentions demonstrates that the attorney's conduct frustrated Jackson's right to appeal. And, to the extent that Jackson suggests that either his attorney or the trial court is required to inform him of his right to an appeal, we note that he has no such unqualified right.[6] It follows that the trial court did not err in denying Jackson's motion for an out-of-time appeal on these bases.[7]

Jackson also argues that the trial court erred in deviating from the plea agreement that he reached with the State. His argument, however, does not demonstrate how the trial court deviated from the negotiated plea, and the record shows that the sentence imposed matched the recommendation.[8] Thus, this allegation lacks merit.

---

[1] (Punctuation omitted.) *Heavener v. State*, 264 Ga. App. 249 (590 SE2d 215) (2003).

[2] *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002).

[3] (Punctuation omitted.) *Simpson v. State*, 263 Ga. App. 467 (588 SE2d 291) (2003).

[4] See id.

[5] Id.

[6] See id. at 468-469 (2).

[7] See *Neisler v. State*, 253 Ga. App. 193, 195 (1) (556 SE2d 258) (2001).

[8] Jackson indirectly argues that the trial court erred in sentencing him for "residential

Finally, Jackson contends that the trial court erred in failing to permit him to add to the record. Specifically, Jackson sought to add the transcript from his co-defendant's plea hearing, which he contends would establish that his attorney had a conflict of interest. As noted above, however, "a direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the [existing] record."[9] Thus, Jackson is not entitled to expand the record in an attempt to meet his burden, and the trial court did not err in ruling accordingly.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MARCH 23, 2004.

Kelvin Jackson, *pro se.*
Timothy G. Vaughn, *District Attorney*, Russell P. Spivey, *Assistant District Attorney*, for appellee.

---

burglary" rather than burglary. However, these are not two separate offenses, but merely constitute burglary. See OCGA § 16-7-1.

[9] *Simpson*, supra at 467.

