A04A0384. LEWIS v. THE STATE.
(598 SE2d 90)

RUFFIN, Presiding Judge.

On March 8, 2002, Douglas B. Lewis pled guilty to one count of burglary and was sentenced to seven years. Over a year later, on April 30, 2003, Lewis filed a pro se motion for an out-of-time appeal. In support of his motion, Lewis asserted that he is a diabetic and was not coherent at the plea hearing, that he has an I.Q. of 52 and his competency should have been investigated, that the trial court failed to inform him that he could withdraw his plea, and that his trial counsel was ineffective for failing to advise him of his appellate rights. The trial court denied the motion, and this appeal ensued. For reasons that follow, we affirm.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion."[1] If a defendant

---

[1] (Punctuation omitted.) *Syms v. State,* 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).

moves for an out-of-time appeal after he has entered a guilty plea, he "bears the burden of showing two things: first, that he . . . actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel."[2] "[A] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea."[3] Moreover, such direct appeal may only be considered to the extent the issues on appeal can be resolved by reference to facts on the existing record.[4] "Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to [the] facts on the record is met."[5]

On appeal, Lewis argues that the trial court erred in failing to inform him that he could withdraw his plea if the court rejected the plea agreement. He further argues that he was not informed of his appellate rights and that the court erred in failing to conduct an evidentiary hearing to ascertain who was responsible for failing to file a direct appeal.

Under Uniform Superior Court Rule 33.10, a trial court must inform a defendant that he has the right to withdraw his plea if the court intends to reject a negotiated plea.[6] Here, however, the trial court accepted the State's plea recommendation and thus was not obligated to comply with USCR 33.10. And, to the extent that Lewis claims that both the court and his lawyer were required to inform him of a right to an appeal, we note that he has no such unqualified right.[7] Finally, Lewis has made no showing that the issues raised by him could be resolved by facts appearing in the record. It follows that the trial court did not err in denying Lewis' motion for an out-of-time appeal.[8] Accordingly, we affirm.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 7, 2004.

Douglas B. Lewis, *pro se.*
Robert E. Keller, *District Attorney*, Lalaine A. Briones, *Assistant District Attorney*, for appellee.

---

[2] *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002).

[3] (Punctuation omitted.) *Simpson v. State*, 263 Ga. App. 467 (588 SE2d 291) (2003).

[4] See id.

[5] Id.

[6] See *Forrest v. State*, 251 Ga. App. 487, 488 (2) (554 SE2d 735) (2001).

[7] See *Simpson,* supra at 468-469 (2).

[8] See *Echols v. State*, 231 Ga. App. 501 (498 SE2d 66) (1998).