A05A0533. GRAY v. THE STATE.
(615 SE2d 248)

BERNES, Judge.

On June 3, 1991, Chester Gray pled guilty to one count each of kidnapping, burglary, robbery, aggravated assault, and aggravated assault upon a peace officer. On July 30, 2003, Gray filed a motion for an out-of-time direct appeal challenging his pleas and sentence and arguing that they should be vacated, which the trial court denied. We affirm.

1. (a) We review a trial court's denial of a motion for an out-of-time direct appeal for an abuse of discretion. *Jackson v. State*, 266 Ga. App. 461 (597 SE2d 535) (2004). "When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea because the issues he is raising can be decided from facts appearing in the record." *Brown v. State*, 241 Ga. App. 359 (526 SE2d 873) (1999). See also *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997). Several of the claims of error raised by Gray as grounds for vacating his pleas and sentence cannot be resolved by reference to facts in the record.

---

[14] *Meintzer v. Weinberg*, 212 Ga. App. 307, 308 (1) (441 SE2d 774) (1994).
[15] *Cannon v. State*, 250 Ga. App. 777, 780 (1) (552 SE2d 922) (2001).

Gray claims that his guilty pleas and sentence should be vacated because he received ineffective assistance from his appointed defense attorney, which led him to plead guilty when he otherwise would have gone to trial. He argues that, among other things, his attorney failed to adequately explain to him the charges that were brought against him or to advise him of his right to a jury trial; failed to interview relevant witnesses to determine whether Gray had viable grounds to challenge the charges; and failed to retain a medical expert or psychologist to assist in developing a viable insanity or other defense. These questions concerning "the effectiveness of [Gray's] counsel can be developed only in the context of a post-plea hearing." *Grantham*, 267 Ga. at 636. See also *Caine v. State*, 266 Ga. 421, 421-422 (467 SE2d 570) (1996). Accordingly, Gray could not have raised them in a timely direct appeal. *Jackson*, 266 Ga. App. at 461.[1]

Gray also claims that his pleas were not voluntarily and intelligently made because he suffered from an incapacitated mental condition resulting from his previous use of crack cocaine and other drugs. He asserts that the trial court should have appointed a medical expert or psychiatrist to resolve the competency issue before accepting entry of the plea. Issues of mental competency cannot be resolved with reference only to facts appearing in the record of the plea and sentence. *Morrow v. State*, 266 Ga. 3, 3-4 (463 SE2d 472) (1995). As such, Gray would not have been entitled to raise this claim in a timely direct appeal.

(b) Gray's remaining claims of error that he asserts as grounds for vacating his guilty pleas and sentence can be resolved by reference to facts in the existing record, and so he would have been entitled to file a *timely* direct appeal raising these claims. However, in order to further establish that he should be able to raise these claims in an *out-of-time* direct appeal, Gray "must . . . show that he did not timely file a direct appeal because he received ineffective assistance of counsel." *Brown*, 241 Ga. App. at 359. This he cannot do. The failure of defense counsel to file a timely direct appeal does not constitute ineffective assistance, where, as here, the claims of error that would have been raised in such an appeal are without merit. Id. at 360. See also *Bowers v. State*, 267 Ga. App. 260, 261 (1) (599 SE2d 249) (2004). Cf. *Pitts v. State*, 260 Ga. App. 553, 564 (8) (580 SE2d 618) (2003) ("Failure to make a meritless objection is not error.").

---

[1] Similarly, Gray asserts that his appointed trial attorney "turned 'pro-prosecution,' actually assisting the District Attorney's Office in convicting Appellant." Even if Gray's "pro-prosecution" claim can be treated separately from his ineffective assistance claim, Gray references conversations and meetings that occurred between counsel and himself outside the plea proceeding. Thus, the claim depends on facts outside the existing record and would require an evidentiary hearing for further development.

Gray first claims that the trial court erred during the plea proceedings by failing to inform him that he could withdraw his plea if the court rejected the plea agreement. The procedural rules setting forth this requirement, Uniform Superior Court Rules 33.10 and 33.11 (D), "both relate to the requirement that the trial court inform a defendant that he has a right to withdraw his guilty plea before sentence is pronounced *if the trial court intends to reject a negotiated plea agreement.*" (Citation and punctuation omitted; emphasis in original.) *McMillian v. State*, 266 Ga. App. 749, 750 (598 SE2d 371) (2004). However, the present case did not involve a negotiated plea agreement, but rather a nonnegotiated plea made "without a recommendation from the State." Furthermore, the trial court did not reject Gray's plea. Hence, Gray's claim of error is without merit. *Lewis v. State*, 266 Ga. App. 812, 813 (598 SE2d 90) (2004); *McMillian*, 266 Ga. App. at 750.

Gray next claims that his plea was not voluntary because he requested a jury trial but was denied that right.

> A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing that the waiver was made both intelligently and knowingly.

(Citation and punctuation omitted.) *Whitaker v. State*, 256 Ga. App. 436, 439 (2) (568 SE2d 594) (2002). Here, the record makes plain that Gray confirmed his decision to plead guilty after receiving specific instructions that his decision to plead guilty would waive his right to a trial by jury. Later during the plea proceeding, when Gray for a moment appeared to change his mind concerning his plea and stated that he was "tryin' to find out is it anything that I can do period that can get me some kinda decent trial," the trial court responded:

> Well, you certainly are entitled to a trial. That's the very thing that we are here to determine. As I just told you, in order for me to accept this plea of guilty from you I have to be sure that this is what you want to do. Now, if you don't want to plead guilty, if you want a trial you're certainly entitled to a trial; and I'll be glad to accommodate you.

Gray subsequently reiterated that "Yes," he did in fact want to plead guilty. Moreover, when Gray's comments during the course of the entire proceeding are viewed in context, it is clear that he intended to plead guilty and forego his right to a jury trial, but that he was upset over the fact that his voluntary intoxication during the commission of

the crimes at issue could not serve as a basis for a defense in Georgia, as his trial counsel (correctly) had advised him. See OCGA § 16-3-4 (c). Therefore, the State has met its burden of showing that Gray was fully cognizant that he was waiving his right to a jury trial.

Gray also appears to claim that his pleas were not knowingly and intelligently made because he stated during the plea proceeding that, as a result of his voluntary intoxication at the time, he did not "fully remember" everything that happened on February 22, 1991, the day upon which the kidnapping, burglary, robbery, and aggravated assault offenses occurred. But "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is . . . unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U. S. 25, 37 (91 SC 160, 27 LE2d 162) (1970). "[A] defenddant [may] intelligently conclude[ ] that his interests require entry of a guilty plea [where] the record before the judge contains strong evidence of actual guilt." Id. Here, the victim herself testified during the plea proceeding as to what happened on February 22, and Gray stated that he did not believe she was lying about how events transpired. Furthermore, although he stated that he did not remember every event that had occurred during the course of the crimes, Gray stated that he believed that the earlier written statement he made to law enforcement officers describing the events on February 22 and confessing to the crimes was "correct." Given this strong evidence of guilt — particularly when coupled with Gray's own admission that he believed the victim and that his confession to the charged offenses was accurate — the trial court properly accepted Gray's guilty pleas. See *Crowe v. State*, 265 Ga. 582, 586 (4) (458 SE2d 799) (1995); *Goodman v. Davis*, 249 Ga. 11, 16-17 (2) (287 SE2d 26) (1982).

Gray's final claim is that the trial court did not have jurisdiction to entertain the guilty plea and render a sentence on the count for aggravated assault upon a peace officer because that count was contained in an "unfiled, undocketed" accusation.[2] A plea of guilty waives all defenses known and unknown, except that it does not waive a defendant's right to assert that the trial court lacked jurisdiction, rendering the judgment void. *Wilson v. Reed*, 246 Ga. 743 (1) (272 SE2d 699) (1980); *Blake v. State*, 264 Ga. App. 782 (592 SE2d 437) (2003). However, the failure to file an accusation is a "mere

---

[2] The record reflects that the accusation on the aggravated assault count was in fact filed with the clerk of court on June 3, 1991, the day of the plea proceedings, but apparently this occurred after the plea proceedings had already concluded. The remaining kidnapping, burglary, robbery, and aggravated assault counts were contained in a separate indictment filed on May 20, 1991.

irregularity" which does "not render [an] accusation[ ] void" and which can be waived by a defendant. *Tennesson v. State*, 214 Ga. App. 103 (447 SE2d 152) (1994); *Youmans v. State*, 51 Ga. App. 373 (2) (180 SE 495) (1935). Gray thus waived any objection he might have had to the timing of the filing of the accusation by pleading guilty, rendering this claim meritless.

For these reasons, we conclude that Gray would have been entitled to raise the claims discussed in this Division 1 (b) in a timely direct appeal because they could have been resolved with reference to the existing record. However, the claims lack merit. Because the failure to make a meritless argument cannot serve as the basis for an ineffective assistance of counsel claim, Gray cannot justify his failure to file a timely direct appeal on the ground of ineffective assistance. *Brown*, 241 Ga. App. at 360. As such, the trial court did not abuse its discretion in denying Gray's motion to file an out-of-time direct appeal.

2. Gray contends that the trial court erred by not appointing counsel to assist him in his motion for an out-of-time direct appeal. "Because a motion for an out-of-time appeal cannot be construed as part of a criminal defendant's first appeal of right, [Gray] was not entitled to the assistance of appointed counsel." (Citation and punctuation omitted.) *Shumake v. State*, 257 Ga. App. 209, 210 (3) (570 SE2d 648) (2002).

3. Gray asserts that the trial court erred by not conducting an evidentiary hearing prior to denying his motion for an out-of-time appeal. Having pled guilty to the offenses charged against him, Gray "had no right to an evidentiary hearing to determine whether he or his attorney ultimately bore the responsibility for the failure to file a timely appeal." (Citation and punctuation omitted.) *Bowers*, 267 Ga. App. at 263 (2); see also *Simpson v. State*, 263 Ga. App. 467, 469 (3) (588 SE2d 291) (2003). Gray must pursue his claims through a post-plea hearing conducted as part of a habeas corpus action, not through a direct appeal. *Grantham*, 267 Ga. at 636.

4. Gray argues that the trial court erred by failing to make a specific finding as to whether the untimeliness in filing his motion was the result of ineffective assistance of counsel. However, the trial court specifically found that Gray's claims of error regarding his pleas and sentence that could be resolved with reference to the facts in the existing record were substantively without merit. As noted in Division 1 (b), the failure to raise meritless claims does not constitute ineffective assistance of counsel, and so the trial court resolved the ineffective assistance issue as to those claims. As to the claims of error that could not be resolved by reference to the existing record, the trial court was not required to reach the ineffective assistance issue since

those claims could not have been raised in a direct appeal, timely or otherwise. *Brown*, 241 Ga. App. at 359. Hence, the trial court committed no error.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MAY 26, 2005 — ▮▮▮▮▮▮▮▮

*Jackie G. Patterson*, for appellant.

Chester Gray, *pro se.*

*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.