## A05A1198. FLEMING v. THE STATE.
### (623 SE2d 696)

PHIPPS, Judge.

In 1994, Larry Fleming pled guilty to one count of aggravated assault and was sentenced to serve one year in confinement. The aggravated assault conviction served as the basis for the revocation of Fleming's parole, and he has remained incarcerated. In 2004, Fleming filed pro se motions for an out-of-time appeal, an evidentiary hearing and appointment of counsel. The trial court denied Fleming's motion for out-of-time appeal without conducting a hearing.[1] Fleming appears pro se on appeal. He claims that the trial court erred by denying his motion for out-of-time appeal without holding an evidentiary hearing, that his trial counsel was ineffective in several respects and that the indictment was void because it failed to allege the essential elements of the crime of aggravated assault. For reasons that follow, we affirm the denial of Fleming's motion for out-of-time appeal on his ineffective assistance claims, reverse the denial of his motion for out-of-time appeal on his challenge to the indictment and remand that portion of the case for an evidentiary hearing as outlined in this opinion.

1. Fleming claims that the trial court erred by denying his motion for out-of-time appeal. He claims that his trial counsel was ineffective for failing to inform him of his right to appeal, failing to timely appeal, failing to investigate his case, failing to ensure a meaningful adversarial process and allowing him to enter a guilty plea despite knowledge that the "state's case was unraveling." He also claims that the indictment pursuant to which he entered his plea was void for failing to allege the essential elements of aggravated assault. He further claims that the trial court erred by denying his motion without holding an evidentiary hearing.

We review a trial court's denial of a motion for out-of-time appeal for an abuse of discretion.[2] A criminal defendant who pleads guilty and then seeks an out-of-time appeal from that plea must initially show that he would have been entitled to a direct appeal because the

---

[1] The trial court never ruled on Fleming's motion for appointment of counsel, but Fleming does not raise this issue on appeal.

[2] *Jackson v. State*, 266 Ga. App. 461 (597 SE2d 535) (2004).

issues he raises can be resolved by facts appearing in the record, including the transcript of his guilty plea hearing.[3] If the defendant makes that showing, he must then show that his right to appeal was frustrated by the ineffective assistance of his counsel.[4]

We first consider whether Fleming's claims of ineffective assistance of counsel can be resolved by facts appearing in the record.

> When a defendant appeals from a guilty plea on the grounds of ineffective assistance of trial counsel, "the issues which he seeks to raise on appeal can be developed only in the context of a post-plea hearing." Accordingly, such a defendant may not file a direct appeal where[, as here,] the only evidence of record is a transcript of the guilty plea hearing.[5]

The appropriate vehicle for developing the required factual record was a motion to withdraw his guilty plea, and an appeal would lie from the denial of that motion.[6] However, the trial court's jurisdiction to hear such a motion expired at the end of the term of court in which Fleming was sentenced pursuant to his guilty plea.[7] Fleming must therefore pursue a habeas corpus action to assert those claims.[8]

Second, we consider whether Fleming's challenge to the indictment can be resolved by facts appearing in the record.[9] His claim that the indictment was void because it failed to include the essential elements of the crime of aggravated assault can be resolved by reference to the indictment and the transcript of the guilty plea hearing. Fleming therefore has made the initial showing that he would have been entitled to file a timely direct appeal from his guilty plea.[10]

The next issue is whether Fleming's right to appeal this claim was frustrated by the ineffective assistance of his counsel. That issue cannot be resolved by reference to facts in the record. Because the failure to file a timely direct appeal does not constitute ineffective assistance where claims of error that would have been asserted in

---

[3] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996); *Brown v. State*, 241 Ga. App. 359 (526 SE2d 873) (1999).

[4] *Brown*, supra.

[5] *Coleman v. State*, 278 Ga. 493, 494 (2) (604 SE2d 157) (2004) (citation omitted).

[6] See id.; see also *Carter v. Johnson*, 278 Ga. 202, 204-205 (2) (599 SE2d 170) (2004).

[7] *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998).

[8] *Grantham v. State*, 267 Ga. 635, 636 (481 SE2d 219) (1997); *Umbehaum v. State*, 251 Ga. App. 471, 474 (5) (554 SE2d 608) (2001).

[9] See *Gray v. State*, 273 Ga. App. 441, 442 (1) (b) (615 SE2d 248) (2005) (claims can be considered separately to determine if resolvable by existing record).

[10] See *Brown*, supra at 360.

such an appeal are without merit,[11] we consider the merits of Fleming's claim before determining whether further proceedings are necessary.

During the guilty plea hearing, the indictment was altered by the state after Fleming denied that he was guilty of the aggravated assault charge as returned by the grand jury. The indictment initially charged Fleming with unlawfully making an assault upon Rick Newman "by striking Rick Newman with the grip of a pistol on the head and threatening him with said pistol." The altered count of aggravated assault, to which Fleming pled guilty, charged Fleming with unlawfully making an assault "upon the person of Rick Newman, by threatening Rick Newman with his fists, contrary to the laws of said State, the good order, peace and dignity thereof."

In relevant part, the aggravated assault statute provides that a person commits the offense of aggravated assault when he assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[12] The Supreme Court of Georgia has interpreted this statute as having two essential elements: "(1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, *and* (2) that the assault was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon."[13] Hands are not deadly weapons per se, but may be considered deadly depending on their use, the wounds inflicted and the surrounding circumstances.[14] When a defendant is charged with using his hands to commit an assault, however, it will not be presumed that the hands were used as deadly weapons.[15]

The altered indictment in this case failed to set forth the elements of aggravated assault because it did not state that Fleming threatened the victim with his hands in an attempt to use them as deadly weapons; that by threatening the victim with his hands, Fleming intended to inflict a serious bodily injury or that he placed the victim in reasonable apprehension of receiving a serious bodily injury.[16] Nor did the indictment charge that Fleming's use of his hands was likely to result in serious bodily injury.[17] The indictment's

---

[11] See *Gray*, supra.

[12] OCGA § 16-5-21 (a) (2).

[13] *Smith v. Hardrick*, 266 Ga. 54, 55 (2) (464 SE2d 198) (1995) (footnote omitted; emphasis in original).

[14] *Gafford v. State*, 240 Ga. App. 251, 252 (1) (523 SE2d 336) (1999).

[15] *Smith*, supra, 266 Ga. at 55.

[16] See id.

[17] See *Pye v. State*, 274 Ga. 839, 841-842 (4) (561 SE2d 109) (2002) (indictment sufficiently alleged aggravated assault when it charged defendant with striking victim with his hand, a

failure to charge Fleming with all of the essential elements of aggravated assault rendered it fatally defective and void, and incapable of supporting Fleming's conviction.[18] Moreover,

> [i]t is well established in this and other jurisdictions that an indictment can not be materially amended by striking from or adding to its allegations, except by the grand jury, and only before it is returned into court. It is bad practice for the court to do either; and if such additions or subtractions materially affect the indictment, it becomes void and can not be the basis of a conviction.[19]

Thus, Fleming's challenge to the indictment is meritorious.

As previously stated, we cannot determine from the existing record whether Fleming's right to appeal his challenge to the indictment was frustrated by the ineffective assistance of his counsel. "A trial court abuses its discretion if it fails to make a factual inquiry into the defendant's allegations that trial counsel's ineffective assistance deprived the defendant of his right to appeal and whether the defendant voluntarily waived that right."[20] The existing record does not indicate that the trial court inquired about who bore the responsibility for failing to file a timely appeal. Nor does the record indicate that Fleming voluntarily waived his right to appeal.[21] We therefore reverse the denial of Fleming's motion for out-of-time appeal on his claim that the indictment was void and remand for a hearing on the issue of whether Fleming's right to appeal that claim was frustrated by the ineffective assistance of his counsel.[22]

2. To the extent Fleming claims that he is entitled to have his challenge to the indictment fully adjudicated in this appeal, we conclude otherwise.

While a plea of guilty waives all defenses known and unknown, the defendant does not waive his right to claim that the indictment itself charges no crime.[23] A general demurrer challenging the validity of the indictment may be raised at any time, but not in any proceeding.[24] After a defendant has been convicted under the indictment and

---

means likely to cause serious bodily injury when used offensively against a person); see also *Jay v. State*, 232 Ga. App. 661, 662 (1) (503 SE2d 563) (1998).

[18] See *Smith*, supra, 266 Ga. at 56.

[19] *State v. Eubanks*, 239 Ga. 483, 490 (238 SE2d 38) (1977) (citations and punctuation omitted).

[20] *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002).

[21] Cf. *Baker v. State*, 273 Ga. 842, 843 (2) (545 SE2d 879) (2001).

[22] See *Jackson*, supra, 256 Ga. App. 69.

[23] *Wilson v. Reed*, 246 Ga. 743 (1) (272 SE2d 699) (1980).

[24] *Moore v. State*, 246 Ga. App. 163, 165 (3) (539 SE2d 851) (2000).

judgment has been entered on the conviction, the indictment may be challenged in a motion in arrest of judgment, which "asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime."[25] Fleming's argument that the indictment failed to allege the essential elements of aggravated assault is cognizable as a motion in arrest of judgment. "However, a motion in arrest of judgment must be filed within the same term of court in which the judgment was entered, and therefore, [Fleming's] motion is untimely."[26]

Flemings' claim is also cognizable in a habeas proceeding.[27] But Fleming's claim cannot be construed as a habeas petition because it was not filed in the county where he is incarcerated but instead was filed in the county where he was convicted and sentenced.[28] "Finally, we cannot construe the motion as an extraordinary motion for new trial [because] that remedy is not available to one who pled guilty."[29]

*Judgment affirmed in part and reversed in part and case remanded in part. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 21, 2005.

Larry Fleming, *pro se.*
Denise D. Fachini, *District Attorney, Cheri L. Nichols, Assistant District Attorney,* for appellee.

---

[25] *McKay v. State,* 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998).
[26] *Wright v. State,* 277 Ga. 810, 811 (596 SE2d 587) (2004).
[27] See id.
[28] See id.
[29] Id.