## A09A0936. POWELL v. THE STATE.
(678 SE2d 524)

PHIPPS, Judge.

Anthony Powell, represented by counsel, entered a negotiated plea of guilty to charges of aggravated assault and robbery. About a year later, he filed pro se motions to withdraw his guilty plea or for an out-of-time appeal. He appeals the trial court's denial of these motions. We find no error and affirm.

In his motions, Powell claimed that the indictment to which he pled guilty was fatally defective, because it failed to allege all the essential elements of aggravated assault; and that the trial court erred in failing to inform him of all the rights he was waiving by pleading guilty, of the statutory maximum and minimum sentences that could be imposed, and of his right to appeal. Powell also claimed that defense counsel had been ineffective in conducting an inadequate case investigation, advising him to plead guilty, and failing to advise him of his right to appeal. Powell also requested an evidentiary hearing on his motion for an out-of-time appeal. Without conducting a hearing, the trial court entered an order denying both motions.

> We review a trial court's denial of a motion for out-of-time appeal for an abuse of discretion. A criminal defendant who pleads guilty and then seeks an out-of-time appeal from that plea must initially show that he would have been entitled to a direct appeal because the issues he raises can be resolved by facts appearing in the record, including the transcript of his guilty plea hearing. If the defendant makes that showing, he must then show that his right to appeal was frustrated by the ineffective assistance of his counsel.[1]

But the failure of defense counsel to file a timely direct appeal does not constitute ineffective assistance, where the claims of error that would have been raised in such an appeal are without merit.[2] Thus, even where the issues raised by the defendant are resolvable by facts appearing in the record, he is not entitled to an out-of-time appeal if those issues are properly resolved against him under the record.[3]

1. (a) Facts appearing in the record show Powell's complaint concerning the indictment to be without merit.

The indictment charged Powell with aggravated assault by

---

[1] *Fleming v. State*, 276 Ga. App. 491, 491-492 (1) (623 SE2d 696) (2005) (footnotes omitted).

[2] *Gray v. State*, 273 Ga. App. 441, 442 (1) (b) (615 SE2d 248) (2005).

[3] See *Bowers v. State*, 267 Ga. App. 260, 261 (1) (599 SE2d 249) (2004).

striking the victim with an object likely to result in serious bodily injury. The indictment thus alleged all essential elements of aggravated assault under OCGA § 16-5-21 (a) (2). "Because the indictment charged [Powell] with aggravated assault under OCGA § 16-5-21 (a) (2), which requires only a showing of a general intent to injure, it was not void for failing to expressly allege the criminal intent."[4]

(b) Facts appearing in the record, specifically at pages six through nine of the transcript of Powell's guilty plea hearing, show that, contrary to claims asserted by him, he was informed of all of the rights he was relinquishing by pleading guilty, of the maximum sentences that could be imposed for the crimes charged, and of his right to withdraw his guilty plea if the trial court did not impose the negotiated sentence.

(c) For these reasons, defense counsel is not chargeable with ineffective assistance for having failed to advise Powell that he had a right to appeal.[5] And a superior court, in any event, has no duty to inform a criminal defendant that he may have a right to directly appeal convictions which result from the entry of a guilty plea.[6]

2. Other issues raised by Powell concerning ineffective assistance of trial counsel cannot be resolved by facts appearing in the record.[7] Accordingly,

> [t]he appropriate vehicle for developing the required factual record was a motion to withdraw his guilty plea, and an appeal would lie from the denial of that motion. However, the trial court's jurisdiction to hear such a motion expired at the end of the term of court in which [Powell] was sentenced pursuant to his guilty plea. [Powell] must therefore pursue a habeas corpus action to assert those claims.[8]

The trial court correctly ruled that Powell's motion to withdraw his guilty plea cannot be construed as a habeas petition, because it was not filed in the county where he is incarcerated but was filed in

---

[4] *Bishop v. State*, 266 Ga. App. 129, 132 (2) (596 SE2d 674) (2004) (citation omitted).

[5] Compare *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996) (criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction entered on a guilty plea and, because defendant did not show good and sufficient reason for entitlement to an out-of-time appeal, defense counsel was not ineffective for failing to inform defendant of a nonexistent right to appeal), with *Thorpe v. State*, 253 Ga. App. 263 (558 SE2d 804) (2002) (because transcript of guilty plea hearing showed that trial court erred in failing to inform defendant that he could withdraw his guilty plea as a matter of right after the court stated its intention to reject the plea agreement, defense counsel would have been ineffective in failing to inform defendant of his right to appeal).

[6] *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).

[7] See *Brown v. State*, 280 Ga. 658, 659 (2) (631 SE2d 687) (2006).

[8] *Fleming*, supra at 492 (footnotes omitted).

the county where he was convicted and sentenced.[9] Consequently, his motion to withdraw his guilty plea was subject to dismissal, and the court did not abuse its discretion in denying his motion for out-of-time appeal. No evidentiary hearing was necessary.[10]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED MAY 13, 2009.

Anthony Powell, *pro se.*

Daniel J. Porter, District Attorney, Jeanette J. Fitzpatrick, Robby A. King, Assistant District Attorneys, for appellee.

---

[9] See id. at 495 (2).

[10] Compare id. at 494 (1); *Haynes v. State*, 227 Ga. App. 64 (488 SE2d 119) (1997).