**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo LUNA–OROZCO, aka, Gerardo Luna–Orosco, Defendant–Appellant.**

**No. 02–10024.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2003.

Filed March 3, 2003.

858

Lee Tucker, Tucson, AZ, for the defendant-appellant.

Richard E. Gordon and Lynnette C. Kimmins, Assistant United States Attorneys, Tucson, AZ, for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

SCHROEDER, Chief Judge:

Appellant in this case, Gerardo Luna–Orosco, fully intended to enter a plea of guilty to the crime of conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).   He was ordered convicted and sentenced to time served. He now seeks to vacate that conviction because a review of the full record of the Rule 11 proceedings reveals that he never formally entered a guilty plea.   The record, however, also shows that the defendant was fully apprised of the rights he was waiving by pleading guilty, that he personally acknowledged the factual basis for the conviction, that he expressed remorse for the crime he had committed, and that he received a more lenient sentence in return for sparing the district court the time and expense of trial.   We affirm because on the basis of a review of the entire record, there was no plain error.   *See United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1054–55, 152 L.Ed.2d 90 (2002).

The Rule 11 hearing began before a magistrate judge on September 18, 2001.

Luna–Orosco was present along with three co-defendants. The magistrate judge recessed the hearing when difficulties arose in establishing a factual basis for the plea. Before the recess, the magistrate judge determined that the defendant understood all of the rights being waived. After a lengthy colloquy, the magistrate judge asked: "[K]nowing all that I have just told you, do you each still wish to plead guilty?" All of the defendants answered affirmatively.

The Rule 11 proceeding resumed the next day before a district court judge who stated that he incorporated into that hearing all that had transpired the preceding day. Near the end of the proceeding, the attorney for the government asked, "Your honor, for the record, I take it you're incorporating everything that happened yesterday?" The court responded, "Everything that happened yesterday afternoon ... in front of [the magistrate judge]."

The district court hearing focused upon establishing a factual basis. As the following colloquy illustrates, this was more than adequately accomplished:

THE COURT: [I]t's my understanding that each of you were drivers of vehicles that were stopped or apprehended in a desert area near Ajo, Arizona.

. . . .

Is that correct, Mr. Luna–Orosco?

THE DEFENDANT: Yes.

. . . .

THE COURT: It's my understanding, at least the government believes that because of the circumstances surrounding the vehicles, where you were found and some radio transmissions they believe that each of you were there to pick up some illegal aliens.

. . . .

Is that a fair statement, Mr. Luna–Orosco?

THE DEFENDANT: Yes

. . . .

THE COURT: Is that the reason that you were there, Mr. Luna–Orozco?

THE DEFENDANT: Yes.

. . . .

THE COURT: Before you were there, before you went there, did you agree with someone that you would do this?

. . . .

Mr. Luna–Orozco, did you agree with someone to do this?

THE DEFENDANT: Yes.

. . . .

THE COURT: So it's—I don't care whether you knew each other before this situation occurred. That's not the important point here. The point is, you have now each told me that you had agreed with someone that you were going down to this area to pick up illegal aliens.

Now, here's my last question, I think. Was it your understanding or belief that in doing so you would help these illegal aliens to remain unlawfully in the country?

. . . .

Did you think that your help would help them stay in the country, Mr. Luna–Orosco?

THE DEFENDANT: Yes.

At no point did anyone object or draw attention to the fact that none of the defendants had formally entered a plea of guilty.

At sentencing, the defendant acknowledged having reviewed the presentence report, which clearly stated that his conviction was based upon a plea of guilty. There was no objection at sentencing to any deficiency in the earlier Rule 11 pro-

ceedings. Rather, the following exchange took place:

THE COURT: Each of you pled guilty to a charge of conspiracy to transport illegal aliens. I'm assuming that each of you believe that you are guilty of that particular offense, that you spoke to your attorneys in Spanish, that they have answered your questions, that they have discussed with you the presentence report and that you are satisfied with the services of your attorneys. .... Is that a correct assumption, Mr. Luna–Orosco?

THE DEFENDANT: Yes.

Luna–Orosco's counsel spoke on his behalf to seek leniency in sentencing and Luna–Orosco himself spoke to express his remorse for committing the crime. Finally, in explaining the lenient sentence of time served, the court said: "You have pled guilty, you put the government to no expense at trial, you saved them some time and turmoil, so it's worth a couple of months, I think." Luna–Orosco was sentenced to time served and released from custody. This appeal followed.

■ Because there was no objection to the lack of a formal plea, we review for plain error. *See Vonn*, 122 S.Ct. at 1046. In *Vonn*, the Supreme Court instructed appellate courts to look to the entire record, including magistrate proceedings, when reviewing for prejudice arising from alleged Rule 11 deficiencies. *Vonn* also held that when the defendant fails to object to the alleged deficiency below, review is for plain error. *See id.* To prevail on plain error review, the defendant must demonstrate that the error affected his substantial rights. *Id.* at 1048. On the basis of the entire record, there was no reversible error here. The defendant knowingly and voluntarily agreed to be convicted and sentenced for the crime for which he was convicted and sentenced.

■ For an error to qualify as plain error, it must be "clear and obvious, highly prejudicial, and must affect substantial rights." *United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir.2002) (internal quotation marks and citations omitted). This court will correct the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* The defendant must prove that (1) "the district court's error was not minor or technical" *and* (2) "the defendant did not understand the rights at issue when he entered his guilty plea." *United States v. Minore*, 292 F.3d 1109, 1119 (9th Cir.2002). Finally, the error "must have affected the outcome of the district court proceedings. The burden is on the defendant to make a specific showing of prejudice." *United States v. Jimenez–Dominguez*, 296 F.3d 863, 867(9th Cir.2002) (internal quotation marks and citations omitted). Luna–Orozco's challenge fails on at least the last point—the failure to make a specific showing of prejudice.

■ To prove prejudice, Luna–Orosco must show that his plea was either unknowing or involuntary, or that he would not have pled guilty had the district court asked, "How do you plead?" He is unable and has not attempted to do so. The record demonstrates an intent to plead that was knowing and voluntary, and there is nothing to suggest that Luna–Orosco might have entered anything other than a guilty plea had the question not been overlooked.

We therefore hold that the district court's failure in this case to ask the defendant to enter a formal guilty plea is not plain error requiring reversal. The only other circuit to consider the issue reached a similar result. *See United States v. Grandia*, 18 F.3d 184 at 187 (2d Cir.1994). Luna–Orozco attempts to distinguish

*Grandia* on the ground that there was a written plea agreement in that case and there was none here. The distinction is not material. The controlling issue is whether there was any prejudice to the defendant as a result of the error and there was none. The defendant knowingly and voluntarily agreed to a conviction. In return he received a lenient sentence and served no additional time of incarceration.

AFFIRMED.