S04A1705. RICE v. THE STATE.
(606 SE2d 261)

THOMPSON, Justice.

This is the second appearance of this case in our Court. Previously, in *Rice v. State*, 277 Ga. 649 (594 SE2d 335) (2004), we affirmed the denial of Rice's "motion to vacate and correct null and void sentence" because the motion, in which Rice attacked the voluntariness of his guilty plea, was filed after the expiration of the term of court in which Rice was sentenced. In so doing, we observed that the trial court lacked jurisdiction to consider the motion and that Rice should seek a writ of habeas corpus.

---

Thereafter, Rice filed a motion for an out-of-time appeal asserting he should not have received a life sentence for armed robbery.[1] The trial court denied the motion and Rice appealed.

The trial court did not err in denying the motion for an out-of-time appeal. Such a motion is not appropriate unless a defendant's right of direct appeal is frustrated. *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Because a direct appeal cannot be taken from a guilty plea on the ground of ineffective assistance of counsel unless that issue was developed through a post-plea hearing, *Aikens v. State*, 241 Ga. App. 816 (527 SE2d 916) (2000), it cannot be said that Rice's right of appeal was frustrated. Simply put, Rice had no right of appeal. It follows that Rice's remedy, as we pointed out before, lies in a habeas corpus proceeding. See generally *Wharton v. Jones*, 248 Ga. 265 (282 SE2d 310) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

Charles J. Rice, *pro se.*
Robert E. Keller, *District Attorney*, Clifford A. Sticher, *Assistant District Attorney*, Thurbert E. Baker, *Attorney General*, for appellee.

---

[1] Although it is difficult to ascertain the gist of Rice's argument, he appears to be asserting that trial counsel was ineffective because the sentence was imposed in violation of a plea agreement.