## A05A0781. GOLDEN v. THE STATE.

(615 SE2d 769)

BARNES, Judge.

Allen P. Golden, pro se, appeals his conviction for child molestation, following his negotiated guilty plea. He contends in his enumeration of error that the trial court erred by improperly denying his motion to dismiss the case and his motion to withdraw his guilty plea or to grant him a new trial without inquiring into the facts of the case.

The record shows that Golden filed a plea petition and waiver of rights on April 13, 2004. The court accepted his plea on that same date, April 13, 2004, and sentenced Golden to a term of years and probation on April 13, 2004, immediately upon accepting his plea. Thereafter, Golden filed a "Motion for Dismissal and to Reinstate All Motions" on May 25, 2004, a "Motion to Invoke Dismissal of Illegal Guilty Plea" on June 2, 2004, a "Motion for Dismissal" on June 30, 2004, and an "Extraordinary Motion to Withdraw Guilty Plea or New Trial" on July 9, 2004. The trial court denied Golden's motions on July 9, 2004.

Even though the trial court's disposition of Golden's motions appears warranted, it had no jurisdiction to consider those motions. "[T]he general rule is that after expiration of the term at which the judgment was entered a court cannot set aside or alter its final judgment unless the proceeding for that purpose was begun during the term. [Cits.]" Moore v. State, 116 Ga. App. 774 (158 SE2d 926) (1967). The terms of court in the Wayne County Superior Court of the Brunswick Judicial Circuit commence on the third and fourth Mondays in April and November. OCGA § 15-6-3 (7) (E). Therefore, Golden was sentenced on April 13 in the November term and he did not file his motions until after the April term commenced. Consequently, the only means available to Golden to withdraw his guilty plea is through habeas corpus proceedings. Downs v. State, 270 Ga. 310 (509 SE2d 40) (1998). Further, he was not authorized to file a motion for a new trial because "[o]ne who has entered a plea of guilty cannot move for a new trial, as there was no trial." (Citation and punctuation omitted.) Davis v. State, 274 Ga. 865, 866 (561 SE2d 119) (2002).

Accordingly, because the trial court had no jurisdiction to consider these motions, we must vacate the judgment of the trial court and remand the case with direction to issue an order of dismissal.

Judgment vacated with direction. Ruffin, C. J., and Johnson, P. J., concur.

618

DECIDED MAY 13, 2005 —
RECONSIDERATION DISMISSED JUNE 13, 2005 —

Allen P. Golden, *pro se.*
Stephen D. Kelley, District Attorney, Leslie K. DeVooght, Assistant District Attorney, for appellee.