A05A1242. THOMPSON v. THE STATE.
(621 SE2d 475)

MIKELL, Judge.

Charlie B. Thompson, Jr., pleaded guilty in 1999 to rape, burglary, and aggravated sodomy. He was sentenced to a total of 40 years, 20 years in prison followed by 20 years on probation. Five years later, Thompson filed a motion for "out-of-time appeal, hearing, the appointment of counsel, and trial." He appeals the denial of that order. We affirm.

In *Smith v. State*,[1] our Supreme Court ruled that "[a]n out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal."[2] But, the Court noted, "there is *no* absolute right to appeal from a judgment of conviction entered on a guilty plea."[3] "A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can

---

[1] 266 Ga. 687 (470 SE2d 436) (1996).
[2] (Citations and punctuation omitted.) Id.
[3] (Emphasis in original.) Id. at 688.

be resolved by facts appearing in the record."[4] Therefore, the threshold issue on appeal from the denial of a motion for an out-of-time appeal from a conviction entered on a guilty plea is whether the issues sought to be raised on appeal can be resolved by reference to the record.[5]

1. Thompson first argues that his trial counsel rendered ineffective assistance. Thompson claims that his trial attorney was ineffective in several respects, including failing to inform him of his right to appeal from the conviction entered on his guilty plea; failing to advise him how his conduct violated the law; misrepresenting his possible sentence; failing to challenge his confession to the crimes; and failing to investigate witnesses. Thompson's claims of ineffective assistance of counsel cannot be resolved by reference to the record. "[A] direct appeal cannot be taken from a guilty plea on the ground of ineffective assistance of counsel unless that issue was developed through a post-plea hearing."[6] Thompson's right of appeal was not "frustrated" within the meaning of *Smith* because he had no right of appeal.[7]

2. Thompson next claims that the trial court erred during the plea proceedings by failing to inform him that he could withdraw his plea prior to the pronouncement of sentence. This claim is procedurally barred as well as meritless.

First, we note that Thompson did not file the instant motion seeking a trial and, implicitly, the withdrawal of his plea, until long after the term of court in which he was sentenced expired. "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea."[8] The sole method by which Thompson can seek to withdraw his plea is a habeas corpus proceeding.[9]

Second, "[Uniform Superior Court Rules] 33.10 and 33.11 (D) both relate to the requirement that the trial court inform a defendant that he has a right to withdraw his guilty plea before sentence is pronounced *if the trial court intends to reject a negotiated plea agreement*."[10] The case at bar involved a partially negotiated plea agreement, and the trial court did not reject it. Therefore, the judge

---

[4] (Citation and punctuation omitted.) Id. at 687.

[5] See *Brown v. State*, 241 Ga. App. 359 (526 SE2d 873) (1999).

[6] *Rice v. State*, 278 Ga. 707, 708 (606 SE2d 261) (2004), citing *Aikens v. State*, 241 Ga. App. 816 (527 SE2d 916) (2000).

[7] See *Rice*, supra (noting that appellant's remedy lies in a habeas corpus proceeding).

[8] (Punctuation and footnote omitted.) *McMillian v. State*, 266 Ga. App. 749, 750 (598 SE2d 371) (2004).

[9] Id.

[10] (Punctuation and footnote omitted; emphasis in original.) Id.

was not required to inform Thompson that he had a right to withdraw his guilty plea, and this claim of error is without merit.[11]

The waiver of rights form signed by Thompson indicates that there was no recommended sentence. The prosecutor initially stated at the plea hearing that there was "an agreement of sorts," explaining that he and the *victim* had "agreed on 40 years to serve the first 20 years in prison." At defense counsel's request, the prosecutor asked the victim whether she would consider 40 years to serve 15 years, but she "vetoed that as a State offer." In addition, prior to the hearing, defense counsel informed the prosecutor that Thompson would agree to a negotiated plea of ten years to serve. The prosecutor replied that he felt that 20 years was an appropriate prison sentence "but he could certainly ask the Court for less." Defense counsel proceeded to ask the court to impose sentences of "twenty to serve ten" for the rape and aggravated sodomy, to run concurrently, followed by twenty years on probation for the burglary. Therefore, the plea was nonnegotiated insofar as the amount of confinement was concerned, although the parties had agreed that the total sentence would not exceed 40 years. The court did not reject this agreement. The court sentenced Thompson to 20 years in prison for the rape, a concurrent 20-year prison term for the aggravated sodomy, and 20 years on probation for the burglary, to be served consecutively.

*Thorpe v. State*,[12] upon which Thompson relies, is distinguishable. In that case, the defendant claimed that his trial counsel failed to inform him that he could withdraw his guilty plea as a matter of right after the court stated its intention to reject the plea agreement and before it pronounced sentence.[13] Here, the court did not reject the plea. Thus, Thompson's claim of error fails.

3. Thompson asserts that his plea should be vacated because the trial court failed to inform him, on the record, of the mandatory minimum and maximum possible sentences for each offense, as required by Uniform Superior Court Rule 33.8 (C). This claim is procedurally barred as well.

> To the extent that [Thompson] is challenging the validity of his guilty plea, his challenge to the trial court's acceptance of the plea must be raised through habeas corpus proceedings because he neither sought to withdraw his guilty plea nor

---

[11] Id.
[12] 253 Ga. App. 263 (558 SE2d 804) (2002).
[13] Id. at 264.

filed a direct appeal until after the expiration of the term of court in which his plea was accepted.[14]

4. Finally, the trial court did not err in denying Thompson's request for the appointment of counsel. "Because a motion for an out-of-time appeal cannot be construed as part of a criminal defendant's first appeal of right, [Thompson] was not entitled to the assistance of appointed counsel."[15]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2005 —
RECONSIDERATION DENIED SEPTEMBER 23, 2005.

Charlie B. Thompson, Jr., *pro se.*
Kelly R. Burke, District Attorney, Katherine K. Lumsden, Assistant District Attorney, for appellee.

---

[14] (Citation omitted.) *Denova v. State,* 268 Ga. App. 16 (1) (601 SE2d 400) (2004).
[15] (Citation and punctuation omitted.) Id. at 17 (2).
[1] See *Wang v. Moore,* 247 Ga. App. 666-667 (544 SE2d 486) (2001).