A05A1934. WILLIAMS v. THE STATE.
(628 SE2d 128)

BARNES, Judge.

Odell Williams was charged with three counts of violating the Georgia Controlled Substances Act for sale of cocaine, distribution of cocaine within 1,000 feet of a recreation center, and distribution of cocaine within 1,000 feet of a park. He initially pled not guilty, but later entered a guilty plea on the sale of cocaine count with the understanding that the remaining charges would be nolle prossed.

Williams was represented at the plea hearing by appointed counsel. Williams filed a motion to file an out-of-time motion for new trial and appeal along with a motion for new trial. Seven months later, he filed a motion to file an out-of-time appeal, which was granted. Williams filed a notice of appeal, and for reasons that are not clear from the record, the case was not transmitted to or docketed in this court. Approximately four months later, following a hearing, the trial court denied Williams' motion for new trial. Williams appealed again, contending that there were various errors committed in the entry of his guilty plea. We do not agree, and affirm.

We note as a preliminary matter that when Williams filed his first notice of appeal, the trial court was divested of any jurisdiction to entertain his motion for new trial. "A notice of appeal divests the trial court of jurisdiction to alter a judgment while [an] appeal of that judgment is pending." (Citation omitted.) *Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001). Accordingly, the trial court's order on Williams' motion for new trial is a nullity. Moreover, the trial court could not grant Williams a new trial when there was no initial trial. See *Crosby v. State*, 148 Ga. App. 215 (1) (251 SE2d 81) (1978). That being so, Williams "has no absolute right to appeal from a judgment of conviction entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record." (Citations, punctuation and emphasis omitted.) *Thompson v. State*, 275 Ga. App. 566, 566-567 (621 SE2d 475) (2005).

1. Williams first contends that he did not knowingly or voluntarily enter the plea because he was impaired by medication at the time. We do not agree.

> Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citation and punctuation omitted.) *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

The transcript of the guilty plea proceeding reveals that before accepting Williams' plea, the trial court inquired whether he was under the influence of any drugs, medicine, or intoxicants. Williams said that he was but "I understand what's happening." He said that he took blood pressure pills, heart pills, prednisone, steroids, blood

thinners, and another drug that was not transcribed because it was unintelligible. The trial court then asked Williams a series of questions and made a specific finding that Williams "is alert and aware of his surroundings. He is under prescribed medication, but he has made correct and appropriate responses to questions propounded by the court and information given by the court. The court, therefore, finds that he is capable of proceeding with the entry of a plea here today." Williams' trial attorney stated that there was no objection to the trial court's finding.

Williams responded appropriately and cogently to the trial court's inquiries, and nothing in the proceeding reflects mental impairment or a lack of comprehension on his part. "[He] offered no indication to the trial court that he suffered from a medication-induced impairment. To the contrary, he represented to the court that the medicine did not affect his ability to understand the proceedings. No further inquiry was required." *Brown v. State*, 259 Ga. App. 576, 579 (578 SE2d 188) (2003).

2. We also find no merit to Williams' contention that there was no factual basis for the guilty plea. He argues that the State's statement of the factual basis was insufficient and that venue was not established.

The State informed the court that Williams violated the Georgia Controlled Substances Act by selling cocaine and that the substance had tested positive as cocaine. When questioned by the judge, Williams affirmed that the statement reflected the circumstances of his case, that he had nothing to add or subtract, and that he was guilty of the charge. Thus, a factual basis for the plea was established, as required by Uniform Superior Court Rule 33.9. The trial court did not err in accepting the plea.

Although Williams argues that the State failed to establish that venue was proper,

> a knowing and voluntary plea of guilty acts as a waiver of all defenses, known and unknown. Such waiver of all defenses would include venue. Here, the only evidence before us shows that [Williams] knowingly and voluntarily chose to plead guilty to [selling cocaine], and, as such, he waived any contention that venue did not lie.

(Citations and punctuation omitted.) *Ramsey v. State*, 267 Ga. App. 452, 454 (600 SE2d 399) (2004).

3. Williams next argues that there was no formal withdrawal of his not guilty plea. He offers no Georgia authority for the proposition that it is required, and, in fact, presents a federal case which supports the State's position that it is not error if the defendant fails to enter

a formal guilty plea where the record demonstrates an intent to plead that was knowing and voluntary. See *United States v. Luna-Orozco*, 321 F3d 857 (9th Cir. 2003).

Williams was asked repeatedly if it was his intent to plead guilty and he answered affirmatively at each opportunity. We discern no error in the trial court's failure to ask for a formal withdrawal of Williams' prior not guilty plea.

4. We also find no merit to Williams' contentions that the trial court erred by not providing him with certain information before he entered his guilty plea, including the sentence terms, civil rights he would forfeit, and that he no longer had the right to a trial or an appeal.

Williams correctly notes that the trial court must, among other things, inform the defendant of the rights being waived, the terms of any negotiated plea, and the minimum and maximum possible sentences. *Jackson v. State*, 271 Ga. 705, 707 (523 SE2d 871) (1999). Here, the record, which includes the "advice and waiver of rights form," shows that the trial court informed Williams that the sale of cocaine carried a sentence of "5 to 30 years," that he would not have the right to a jury trial, and could appeal within 30 days if he felt the plea proceedings were improper.

Williams complains that he was not told about any collateral consequences of his guilty plea including the right to bear arms, obtain a professional license, or vote; however,

> [t]here is no constitutional requirement that a defendant be advised of such collateral consequences in order for his guilty plea to be valid. If a defendant's actual knowledge of such collateral consequences is not a prerequisite to his entry of a knowing and voluntary guilty plea, his lack of knowledge of those collateral consequences cannot affect the voluntariness of the plea.

(Citations and punctuation omitted.) *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999) (finding no error in failure to advise defendant that no portion of sentence could be served on parole).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 7, 2006.

*Edith M. Edwards*, for appellant.

*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.