## A09A1442. GOLDEN v. THE STATE.
(683 SE2d 618)

BLACKBURN, Presiding Judge.

On April 13, 2004, Allen P. Golden, while represented by counsel, pled guilty to a single count of child molestation.[1] Golden seeks to challenge his conviction through an out-of-time appeal and he now appeals, pro se, from the trial court's denial of his motion seeking such an appeal. Discerning no error, we affirm.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." (Punctuation omitted.) *Syms v. State*.[2] "As the movant, [Golden bears] the burden [of] show[ing] a 'good and sufficient' reason" entitling him to an out-of-time appeal. (Punctuation omitted.) *Smith v. State*.[3] Because he seeks an out-of-time appeal from a conviction entered on his guilty plea, Golden "must initially show that he would have been entitled to a direct appeal because the issues he raises can be resolved by facts appearing in the record, including the transcript of his guilty plea hearing." *Fleming v. State*.[4] Even where such issues can be resolved by reference to the record, however, Golden is not entitled to an out-of-time appeal where the record shows those issues must be resolved against him. See *Bowers v. State*.[5]

The record shows that Golden was arrested in August 2002, when his wife contacted police after she discovered him molesting their then-five-year-old daughter. Following his arrest, Golden was released from jail on a pre-trial bond. That bond was revoked in February 2004, after Golden failed to comply with a condition requiring him to stay away from his wife and daughter. At a hearing held on April 13, 2004, Golden, while represented by counsel, pled guilty to a single count of child molestation. Since that time, Golden has filed approximately 35 pro se motions challenging the validity of his plea and conviction, the most recent of which was the current motion for an out-of-time appeal.

As best we can discern from his briefs, Golden asserts that he is

---

[1] OCGA § 16-6-4 (a).
[2] *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).
[3] *Smith v. State*, 266 Ga. 687, 687 (470 SE2d 436) (1996).
[4] *Fleming v. State*, 276 Ga. App. 491, 491-492 (1) (623 SE2d 696) (2005).
[5] *Bowers v. State*, 267 Ga. App. 260, 261 (1) (599 SE2d 249) (2004).

entitled to an out-of-time appeal because: (1) the facts presented to the trial court at his plea hearing were insufficient to support his guilty plea; (2) the arrest warrant was invalid; (3) the indictment was defective; (4) he was prejudiced by the trial court's grant of his first attorney's motion to withdraw as counsel; (5) he was prejudiced by the trial court's grant of the State's motion to revoke his pre-trial bond; (6) at the time he entered his guilty plea, he was incompetent to do so; and (7) he received ineffective assistance of counsel. None of these claims of error entitles Golden to an out-of-time appeal.

1. "Before a trial court can enter a judgment on a guilty plea, the court is required by Uniform Superior Court Rule 33.9 to make 'such inquiry on the record as may satisfy him that there is a factual basis for the plea.' " *King v. Hawkins*.[6] Golden alleges that the evidence presented at his plea hearing was insufficient to provide the trial court with the factual basis necessary to support his guilty plea. In support of this claim, Golden offers three arguments.

First, Golden asserts that the case had already been "disposed of . . . by way of a victim's advocate report." This argument is completely without merit. The victim's advocate report to which Golden refers is nothing more than a letter from the county victim's advocate's office to Golden's wife, and Mrs. Golden's response thereto. The response consisted of a pre-printed form, which mis-identified Mrs. Golden as the victim. Even though she was not the victim, Mrs. Golden completed and signed the form, stating that she did not wish to press charges.

Despite Golden's assertions to the contrary, his wife's expressed desire that the State not pursue its case against him did not resolve that case. See *State v. Hanson*[7] ("an agreement to forgo prosecution [is between the defendant and the State, and] must be in writing, must specifically set forth the transactions to which the promise relates, and must be approved by the court"). Nor did Mrs. Golden's response to the victim's advocate's office require the district attorney to refrain from prosecuting Golden, particularly in light of the fact that she was not the victim. "In the district attorney's role as an administrator of justice, he or she has broad discretion in making decisions prior to trial about who to prosecute [and] what charges to bring. . . ." *State v. Wooten*.[8] Moreover,

> [t]he [S]tate has both the duty and the right to protect the security of its citizens by prosecuting crime. Because the

---

[6] *King v. Hawkins*, 266 Ga. 655 (469 SE2d 30) (1996).

[7] *State v. Hanson*, 249 Ga. 739, 747 (3) (295 SE2d 297) (1982).

[8] *State v. Wooten*, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001).

purpose of criminal law is to serve the public functions of deterrence, rehabilitation and retribution, it is the [S]tate, not the victim, that has an interest in criminal prosecutions.

*Ambles v. State*[9] (citing Ga. Const. of 1983, Art. I, Sec. I, Par. II). See also *State v. Colquitt*[10] (finding that the trial court abused its discretion in dismissing criminal charges, over the State's objection, merely because the victim was reluctant to pursue the case).

Golden next argues that the State's failure to inform the trial court, at his plea hearing, of Mrs. Golden's wish that the charges be dropped constituted a fraud upon the trial court. He further reasons that this "fraud" nullified the trial court's finding that there was a sufficient factual basis for Golden's plea. What Golden fails to grasp is that his wife's desire to see the charges dropped was irrelevant to the issue of his guilt. Again, this irrelevance is underscored by the fact that Mrs. Golden was not the victim of the crime at issue.

Finally, Golden points to an affidavit from his wife, dated September 30, 2002, as demonstrating that the trial court lacked a factual basis for accepting his guilty plea. That evidence, however, was not before the court at the time of his plea; rather, Golden filed it in conjunction with an untimely motion to withdraw his guilty plea.[11] More importantly, the affidavit fails to support Golden's argument. Specifically, Mrs. Golden's affidavit confirms that she walked into a darkened room to discover Golden and her five-year-old daughter, where she saw that the daughter's "pants were down and [Golden] had his hands between her legs." The affidavit then recites the explanation Golden gave his wife as to what was occurring, namely that he was checking the daughter's complaint regarding itching in her vaginal area. It then concludes: "On second thought[, Golden] could have been doing what he said he was doing[,] checking [the daughter] for an irritation."

Given the equivocal nature of these statements, they do nothing to undermine the trial court's finding that there existed a factual basis for Golden's plea. Uniform Superior Court Rule 33.9 "does not require that guilt be shown beyond a reasonable doubt. To the contrary, the court must merely satisfy itself subjectively that the

---

[9] *Ambles v. State*, 259 Ga. 406, 406-407 (1) (383 SE2d 555) (1989).

[10] *State v. Colquitt*, 147 Ga. App. 627, 628-629 (249 SE2d 680) (1978).

[11] The trial court denied Golden's motion to set aside his guilty plea and Golden appealed from that order. This Court held that "[e]ven though the trial court's disposition of [that motion] appears warranted, it had no jurisdiction to consider" the same, because it was filed "after expiration of the term at which the judgment [of conviction] was entered. . . ." (Punctuation omitted.) *Golden v. State*, 273 Ga. App. 617 (615 SE2d 769) (2005). Accordingly, we vacated the judgment of the trial court and remanded the case, directing the trial court to enter an order of dismissal. Id.

pleader knows both what he has done and that those acts constitute the crime with which he is charged." (Punctuation omitted.) *Robertson v. State*.[12]

2. The affidavit given in support of Golden's arrest warrant contained a typographical error, in that it accused him of violating OCGA § 16-76-4, as opposed to OCGA § 16-6-4. Golden argues that this typographical error rendered his arrest warrant invalid, because it was not obtained in accordance with OCGA §§ 17-4-41 and 17-4-45. We disagree.

OCGA § 17-4-41 requires that an affidavit given in support of an arrest warrant must contain "as nearly as practicable, the following facts: (1) [t]he offense, including the time, date, place of occurrence, against whom the offense was committed, and a statement describing the offense; and (2) [t]he county in which the offense was committed." OCGA § 17-4-41 (a). OCGA § 17-4-45 provides the form for such an affidavit and indicates that the affidavit should include "all information describing [the] offense as required by [OCGA §] 17-4-41...." The affidavit at issue complied with these statutes, because it contained all of the required information.

The fact that the affidavit mis-cited the statute that Golden was accused of violating is irrelevant. The plain language of OCGA § 17-4-41 did not require the affidavit to identify or otherwise reference the specific statute which Golden allegedly violated. See also *Turner v. State*[13] (noting that even indictments are not constitutionally required to "cite or name the statute" under which the accused is charged). Rather, the affidavit had to contain information sufficient to inform Golden "of the specific charge against him and of all basic pertinent particulars pertaining thereto." OCGA § 17-4-41 (c). "The affidavit which served as the basis for the arrest warrant issued against [Golden] satisfies the statutory requirements of, and is in conformity with, [OCGA §§ 17-4-41 and 17-4-45]. The arrest [warrant] was not, therefore, illegal on the ground that the affidavit was improper." *Hammond v. State*.[14]

3. Golden argues that the indictment against him was defective because it was "enhanced by allegations not supported by the warrant or any other material evidence as to wording[ ]." As best we can discern, Golden's argument is that because the description in the indictment of the conduct constituting the crime is not identical to the description of such conduct given in the warrant, the indictment

[12] *Robertson v. State*, 287 Ga. App. 271, 271-272 (2) (651 SE2d 198) (2007).
[13] *Turner v. State*, 233 Ga. 538 (212 SE2d 370) (1975).
[14] *Hammond v. State*, 157 Ga. App. 647 (1) (278 SE2d 188) (1981).

is defective.[15] This argument is incorrect as a matter of law.

Both an affidavit in support of an arrest warrant and an indictment must sufficiently inform the accused of the crime with which he is charged and the conduct which is alleged to constitute that crime. See OCGA § 17-4-41 (c); *Hovis v. State*.[16] There is no requirement, however, that an arrest warrant and a subsequent indictment use identical language to describe the accused's allegedly criminal conduct. See *Driver v. State*[17] ("[t]he rule is too well recognized to require even the citation of authority that it is immaterial by what language an indictment styles the offense charged, if it in fact charges an offense") (punctuation omitted).

Given that Golden pled guilty to the crime charged, his only possible challenge to the indictment would be the sufficiency thereof.

> The true test of the sufficiency of the indictment is . . . whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Punctuation omitted.) *Jordan v. State*.[18] While "[t]he defendant is entitled to know the particular facts constituting the alleged offense to enable him to prepare for trial[,]" *State v. Black*,[19] "[i]t is not necessary for the State to [spell] out in the accusation . . . the evidence on which it relies for a conviction." *Mell v. State*.[20]

Here, the indictment charged Golden with child molestation using the language found in the relevant statute (see note 15, supra; OCGA § 16-6-4 (a)) and "describe[d] the acts constituting the offense sufficiently to put [Golden] on notice of the offense with which he [was] charged." *Hovis*, supra, 260 Ga. App. at 280 (1) (a). Accordingly, Golden's claim that the indictment was invalid is without merit. Id. at 281 (1) (a). See also OCGA § 17-7-54 (a).

---

[15] The arrest warrant accused Golden of committing "an immoral act with his daughter, a 5-year-old-child, for the purpose of arousing or satisfying his sexual desires, to wit: Accused touched said juvenile in the crotch area." The indictment alleged that Golden "did unlawfully commit an indecent or immoral act to or with a child under the age of 16 years, to wit: [A. G.], five years of age, by touching said [A. G.] on her private parts and sticking his finger in her vagina, all with intent to satisfy [his] sexual desires. . . ."

[16] *Hovis v. State*, 260 Ga. App. 278, 280 (1) (a) (582 SE2d 127) (2003).

[17] *Driver v. State*, 60 Ga. App. 719, 722 (4 SE2d 922) (1939).

[18] *Jordan v. State*, 220 Ga. App. 627, 629 (2) (470 SE2d 242) (1996).

[19] *State v. Black*, 149 Ga. App. 389, 390-391 (3) (254 SE2d 506) (1979).

[20] *Mell v. State*, 69 Ga. App. 302 (1) (25 SE2d 142) (1943).

4. None of Golden's remaining claims of error can be resolved by facts appearing in the record. See *Barlow v. State*[21] (challenges requiring a determination of whether the defendant suffered prejudice "normally can be developed only in the context of a post-plea hearing") (punctuation omitted); *Gray v. State*[22] ("[i]ssues of mental competency cannot be resolved with reference only to facts appearing in the record of the plea and sentence"); *Rice v. State*[23] ("a direct appeal cannot be taken from a guilty plea on the ground of ineffective assistance of counsel unless that issue was developed through a post-plea hearing"). In light of Golden's guilty plea, therefore, they cannot be asserted on a motion for an out-of-time appeal. *Fleming*, supra, 276 Ga. App. at 491-492 (1). As this Court noted in Golden's previous appeal, the appropriate vehicle for developing the necessary factual record for these claims is a habeas corpus action. *Golden*, supra, 273 Ga. App. at 617.

5. After he filed his brief in this Court, Golden filed a separate pleading, captioned "Motion on the Merits of Out of Time Appeal." Like the current appeal, that motion sought a reversal of the trial court's order denying Golden's motion for an out-of-time appeal. Accordingly, that motion is denied. We also deny the State's motion for leave to file a supplemental brief for the purpose of responding to that pleading.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JULY 17, 2009 —
RECONSIDERATION DENIED JULY 27, 2009 ▮

Allen P. Golden, *pro se.*
Stephen D. Kelley, District Attorney, Helen H. Aberle, Assistant District Attorney, for appellee.

---

[21] *Barlow v. State*, 282 Ga. 232, 233-234 (647 SE2d 46) (2007).
[22] *Gray v. State*, 273 Ga. App. 441, 442 (1) (a) (615 SE2d 248) (2005).
[23] *Rice v. State*, 278 Ga. 707, 708 (606 SE2d 261) (2004).