## A99A1097. GIBBS v. THE STATE.
(519 SE2d 511)

Blackburn, Presiding Judge.

Dennis Dewayne Gibbs pled guilty to burglary, false imprisonment, armed robbery, and possession of less than one ounce of marijuana. He subsequently moved for an out-of-time appeal, contending (1) that he received ineffective assistance of counsel and (2) that his guilty plea was not knowing and voluntary because he was incompetent at the time it was given. The trial court denied Gibbs' motion, and Gibbs appeals, raising the same contentions argued below and further contending that the trial court did not act impartially in denying his motion. For the reasons set forth below, we affirm.

1. (a)

An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal. Accordingly, [Gibbs'] motion for an out-of-time appeal was properly denied unless he had a *right* to file a timely direct appeal which was frustrated by the ineffective assistance of counsel.

A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial. However, [Gibbs'] judgments of conviction and sentences were entered after he pled guilty. A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. Accordingly, the denial of [Gibbs'] motion for an out-of-time appeal can be reversed if, and only if, the questions that he seeks to raise on appeal may be resolved

by facts appearing in the record, including the transcript of his guilty plea hearing.

(Citations and punctuation omitted.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Gibbs has failed to satisfy this burden because the issues he wishes to raise on appeal cannot be resolved by facts in the record before this Court.

Moreover, we note that, at his guilty plea hearing, Gibbs indicated that he was completely satisfied with the performance of his attorney and that he did not plan to pursue claims of ineffective representation in the future. For all of the preceding reasons, therefore, the trial court did not err in denying Gibbs' motion for an out-of-time appeal based on claims of ineffective assistance of counsel.

(b) Nor did the trial court err in denying Gibbs' motion based on his claims that he was incompetent at the time that his guilty plea was made.

Mental competency is a question of fact. [Gibbs has pointed to no evidence in the record] to resolve the question of [his] competence to enter a guilty plea. Therefore, the issue which [Gibbs] seeks to raise in his out-of-time appeal cannot be resolved only by reference to facts contained in the record. Since [Gibbs] had no right to file even a timely notice of appeal from the judgment of conviction entered on this guilty plea, he was not entitled to be informed of a non-existent "right" to appeal. It follows that the trial court correctly denied [Gibbs'] motion to file an out-of-time appeal in this case.

(Citations, punctuation and emphasis omitted.) *Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995).

2. Gibbs complains that the trial court was biased against him; however, his claim is not supported by the record. In essence, he bases his argument on the fact that the trial court did not do as he asked. This enumeration is meritless, and the record shows that the trial court did not abuse its discretion in denying Gibbs' motion for an out-of-time appeal.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 17, 1999 —
RECONSIDERATION DISMISSED JULY 21, 1999 ▮▮▮▮▮▮▮▮

Dennis D. Gibbs, *pro se*.

*David McDade, District Attorney, John G. Westrick, Assistant District Attorney*, for appellee.