## A99A2130. BROWN v. THE STATE.
(526 SE2d 873)

JOHNSON, Chief Judge.

In 1996 Christopher Brown pled guilty to aggravated assault and possessing cocaine with intent to distribute. In 1998 he moved to file an out-of-time appeal, claiming that the judge at the plea hearing failed to determine that Brown understood the nature of the offenses charged or that there was a factual basis for the cocaine charge. The same judge who had accepted Brown's guilty plea denied his motion for an out-of-time appeal. Brown now appeals from the denial of that motion.

When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea because the issues he is raising can be decided from facts appearing in the record.[1] If the defendant makes that showing, he must then show that he did not timely file a direct appeal because he received ineffective assistance of counsel.[2] In the instant case, Brown has made the threshold showing, but not the second, so he is not entitled to an out-of-time appeal.

---

[1] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).
[2] *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997).

The issues that Brown seeks to raise — that the judge failed to determine that Brown understood the nature of the crimes charged or that there was a factual basis for the cocaine charge — can be decided from facts appearing in the record, including the transcript of the plea hearing. Because those issues can be decided by reference to the record, Brown has made the threshold showing that he would have been entitled to file a timely direct appeal from his guilty plea.[3]

We therefore must consider if Brown has also shown that he did not timely file such a direct appeal due to ineffective assistance of counsel.[4] Brown admitted in his out-of-time appeal motion that he did not seek to file an appeal from his guilty plea, either with or without counsel. But, he now claims, he failed to pursue an appeal because at the plea hearing the judge erroneously told him that he could not appeal from a guilty plea.

At the hearing, the judge properly informed Brown of all the rights he would waive by pleading guilty. Among other things, the judge explained to Brown that he would have the right to appeal from a conviction after a trial, but that he could not appeal after a guilty plea. In the context of all the instructions the judge gave to Brown, we construe the judge's explanation concerning an appeal to be a correct, albeit incomplete, statement of the law that a criminal defendant has no unqualified right to directly appeal from a conviction entered on a guilty plea; rather, a direct appeal will lie from a conviction entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.[5]

Contrary to Brown's claim, the trial judge's correct, but incomplete, statement of the law did not deprive him of the right to effective assistance of counsel in seeking an appeal after his guilty plea. Brown was represented by counsel at the plea hearing, and he has made no showing that the decision not to appeal from the plea was due to counsel's ineffectiveness. The record before us contains no testimony from the attorney,[6] and instead it appears that any failure to timely appeal was due to Brown's own decision not to seek an appeal.

Moreover, even if Brown were able to present some evidence showing that his attorney had failed to file an appeal on his behalf, such a failure would not amount to ineffective assistance of counsel because it is apparent from the transcript of the plea hearing that the issues Brown now seeks to raise in an out-of-time appeal are completely without merit. The transcript reveals without question

---

[3] Compare *Wheeler v. State*, 269 Ga. 547, 548 (499 SE2d 629) (1998).

[4] *Grantham*, supra; *Gibbs v. State*, 239 Ga. App. 249-250 (1) (a) (519 SE2d 511) (1999).

[5] Id. at 249.

[6] Compare *Lunsford v. State*, 237 Ga. App. 696, 697 (1) (515 SE2d 198) (1999); *Penrod v. State*, 233 Ga. App. 532, 533-534 (504 SE2d 757) (1998).

that Brown was fully informed of the nature of the offenses to which he pled guilty and that there was a factual basis provided by the prosecutor for the cocaine charge. An attorney's failure to file an appeal frivolously attacking those indisputable facts proved by the transcript could not be deemed ineffectiveness.

Because Brown has not shown that he was denied effective assistance of counsel in filing a timely appeal from his guilty plea, the trial court did not abuse its discretion in denying his motion for an out-of-time appeal.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 8, 1999.

Christopher Brown, *pro se.*

*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.