A03A2436. KANE v. THE STATE.
(593 SE2d 711)

ADAMS, Judge.

Mike Kane, pro se, appeals the trial court's denial of his motion for an out-of-time appeal. We affirm.

In January 2000, Kane entered a negotiated plea of guilty to armed robbery and aggravated assault. Kane did not file a direct appeal of his guilty plea. In 2003, Kane moved, pro se, for an out-of-time appeal, for appointment of counsel, and to withdraw his guilty plea. In his motion for out-of-time appeal, Kane asserted that (1) the trial court and counsel failed to inform him of his right to appeal; (2) he was not otherwise informed of his appellate rights; and (3) he was improperly sentenced because his convictions merged as a matter of fact. The trial court denied Kane's motions.

1. "A defendant moving for an out-of-time appeal following a conviction and sentence based on a guilty plea bears the burden of showing two things: first, that he or she actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel. [Cit.]" *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002). The second question is moot if the defendant did not have a right to file a direct appeal in the first place. *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997). A defendant has a right to file a timely direct appeal of a guilty plea only if the issue on appeal can be resolved by reference to facts on the record. Id. See also *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

Kane raises questions concerning whether his counsel informed him of his right to file a direct appeal, an issue that cannot be resolved by reference to facts contained in the record. Kane's remain-

[17] See OCGA § 9-11-56.

ing remedy is a habeas corpus action. *Grantham*, 267 Ga. at 636; *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996).

2. The trial court was without jurisdiction to allow the withdrawal of the guilty plea after the expiration of the term of court in which the defendant was sentenced. *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002). Therefore, this portion of Kane's motion should have been dismissed. *Orr v. State*, 276 Ga. 91, 93 (2) (575 SE2d 444) (2003). Accordingly, denial of the motion was not error. Id.

3. Nor did the trial court err when it failed to appoint counsel to aid appellant. "An indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence. [Cits.]" *Orr*, 276 Ga. at 93 (3). Accordingly, Kane was not entitled to the assistance of appointed counsel for his motion for out-of-time appeal. See *Shumake v. State*, 257 Ga. App. 209, 210 (3) (570 SE2d 648) (2002).

4. Finally, we note that Kane does not need an out-of-time appeal to pursue his claim that his convictions should have been merged. If Kane is correct that his convictions merged, the trial court would have jurisdiction to modify his sentence at any time. *Sledge v. State*, 245 Ga. App. 488 (537 SE2d 753) (2000).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 21, 2004.

Mike Kane, *pro se.*

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.