## A05A0165. SCOTT v. THE STATE.
### (611 SE2d 712)

MILLER, Judge.

Jackie Scott was convicted of attempted armed robbery and possession of a firearm for pulling a gun and demanding an orange drink at a McDonald's drive-through window. He appeals on the grounds that the trial court erred when it replaced two jurors who failed to appear and that he was denied effective assistance when trial counsel failed to object to the replacement. We find no error and affirm.

The jury in this case was impaneled on April 2, 1998 and was asked to return for trial on April 30. The judge asked on April 30 whether the State and the defendant were ready to proceed; both parties replied that they were. When the clerk called the jury roll, however, one juror did not answer. The trial court then replaced that juror with an alternate, and went on to note that another alternate had already replaced a second missing juror.

1. Scott argues that the trial court erred when it replaced the jurors with alternates. We disagree. Scott's trial counsel had indicated that he was ready to proceed on that day, and did not object to the replacement of the jurors with alternates. Thus Scott has waived any objection he might have made to that replacement. See *London v. State,* 260 Ga. App. 780, 781-782 (1) (580 SE2d 686) (2003). The court was under no obligation to delay the trial in order to find out what had happened to the two jurors, and acted within its discretion when it replaced both of them with alternates. See *Herring v. State,* 224 Ga. App. 809, 810-812 (1) (481 SE2d 842) (1997) (no abuse of discretion when court replaces absent juror before deliberations begin and when defendant did not show resulting prejudice). Since the trial had not yet begun when the jurors were replaced, Scott also cannot show that he was prejudiced by the trial court's act. See OCGA § 15-12-172; *Herring,* supra, 224 Ga. App. at 810-812 (1).

2. Since there would have been no merit to an objection to the trial court's replacement of the two jurors, see Division 1, supra, counsel was not ineffective when he did not so object. *Hayes v. State,* 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993) (failure to make meritless objection cannot amount to ineffective assistance). The trial court did not err when it denied Scott's motion for new trial.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 7, 2005.

W. Keith Barber, for appellant.
*Richard A. Mallard, District Attorney, Daphne H. Jarriel, Assistant District Attorney*, for appellee.