A05A1233. EVORS v. THE STATE.
(620 SE2d 596)

SMITH, Presiding Judge.

This appeal arises out of imposition of a special condition of probation requiring Michael John Evors to register as a sexual offender. Evors contends that because he was sentenced under the First Offender Act, the trial court erred in imposing this requirement. As more fully discussed below, we conclude that the condition was authorized under OCGA § 42-8-62 (a). We therefore affirm.

On December 11, 2003, Evors entered a partially negotiated guilty plea under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970) to one count of child molestation. He was sentenced to seven years' probation under the First Offender Act. See OCGA § 42-8-60 et seq. As a special condition of probation, Evors was required to place his name on the sexual offender registry.

At the time Evors entered his plea, the statute governing registration of sexually violent predators, former OCGA § 42-1-12 (a) (3), stated in relevant part:

---

[8] (Punctuation and footnote omitted.) *Dawson v. State*, 271 Ga. App. 217, 221 (2) (b) (609 SE2d 158) (2005).

> Unless otherwise required by federal law, a defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, shall not be subject to the registration requirements of this Code section.

See Ga. L. 2002, p. 1400, § 1. Evors appears to argue that the last sentence of this subsection exempts from registration any person who is sentenced as a first offender. But, among other things, OCGA § 42-8-62 (a) provides, as it did at the time of Evors's plea, that *"[e]xcept for the registration requirements under the state sexual offender registry"* a discharge will "completely exonerate the defendant of any criminal purpose . . . and the defendant shall not be considered to have a criminal conviction." (Emphasis supplied.) Id. This subsection contemplates registration by a sexual offender, even if the offender is sentenced under the First Offender Act. Construing the relevant version of OCGA §§ 42-1-12 (a) (3) and 42-8-62 (a) together and harmonizing these Code sections, *Gibson v. Casto*, 271 Ga. 667, 668 (523 SE2d 564) (1999), we find no basis for reversal of the special condition of probation imposed by the trial court.

We note that OCGA § 42-1-12 (a) (3) was amended in 2004, after entry of Evors's plea, to require registration as a sexual offender during the period of probation. This subsection now provides in relevant part:

> [A] defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, shall be subject to the registration requirements of this Code section for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty.

This amendment simply made explicit what was implicit before its enactment: the legislature's contemplation that registration could be imposed as a condition of probation under the First Offender Act. To construe the pre-amendment language as a prohibition of this condition would effectively render meaningless the language of OCGA § 42-8-62 (a) concerning registration requirements. The trial court did not err in imposing registration on the sexual offender registry as a condition of probation.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED SEPTEMBER 1, 2005.

*Smith & Phelps, Joseph L. Phelps III*, for appellant.
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.