A06A0241. THE STATE v. PLUNKETT.
(627 SE2d 182)

BLACKBURN, Presiding Judge.

Following an order partly modifying Elvin Plunkett's sentence for child molestation pursuant to his guilty plea under the First Offender Act, the State appeals, contending that the trial court erred in exempting Plunkett from complying with a new statutory provision requiring first offenders to register as sex offenders while on probation. We disagree and affirm.

The record shows that, in December 2001, Plunkett entered a negotiated guilty plea to one count of child molestation. Consistent with his negotiations with the State, Plunkett was sentenced under the First Offender Act and required to serve a three-year prison term followed by seven years of probation. At the time Plunkett was sentenced, the statute governing registration for sex offenders provided, in relevant part, that "a person who is convicted of a criminal

offense against a victim who is a minor or who is convicted of a sexually violent offense shall register within ten days after his or her release from prison or placement on parole." Former OCGA § 42-1-12 (b) (1) (A) (i) (2001). This registration requirement did not apply to Plunkett at the time he was sentenced, because, according to his plea under the First Offender Act, the court reached no judgment of guilt and he was not considered to be "convicted." See former OCGA § 42-1-12 (a) (3) (2001); cf. *Priest v. State.*[1] Rather, the court had the option, if it chose, to impose a registration requirement as a condition of probation. *Evors v. State.*[2] Here, Plunkett's original sentence did not require him to register as a sex offender.

In 2005, having completed the three-year prison term, Plunkett's probation officer notified him that he would be required to register as a sex offender while on probation, pursuant to new language added in 2004 to OCGA § 42-1-12 (a) (3):

> *A defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to [the First Offender Act] shall be subject to the registration requirements of this Code section for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty.* Unless otherwise required by federal law, a defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to [the First Offender Act] shall not be subject to the registration requirements of this Code section upon the defendant's discharge.

(Emphasis supplied.) Ga. L. 2004, p. 1064, § 1. Plunkett requested the trial court to shorten his probation and to discharge him so as to avoid the registration requirement; after a hearing, the trial court left Plunkett's original sentence in place, but clarified that Plunkett did not have to register as a sex offender.

The State contends that the trial court's order violated current OCGA § 42-1-12 (a) (3), in that the order did not require Plunkett to register as a sex offender. However, when OCGA § 42-1-12 (a) (3) was modified to require first offenders to register, the bill enacting the change explicitly stated: "This Act shall become effective on July 1, 2004, and shall apply to sentences imposed on or after July 1, 2004." Ga. L. 2004, p. 1066, § 3. Therefore, as Plunkett was sentenced in

---

[1] *Priest v. State,* 261 Ga. 651, 652 (2) (409 SE2d 657) (1991).
[2] *Evors v. State,* 275 Ga. App. 345, 346 (620 SE2d 596) (2005).

December 2001, the new statutory language does not apply to him, and the trial court was authorized to order that Plunkett need not register under OCGA § 42-1-12 (a) (3).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 14, 2006.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellant.

*Ashutosh S. Joshi*, for appellee.