A06A1269. PETERS v. DONALD.

(639 SE2d 345)

BARNES, Judge.

Joseph Peters appeals the judgment of the superior court requiring him to register as a sex offender under the amendments to OCGA § 42-1-12, the Sexual Offender Registry Statute, and to then OCGA § 42-1-13, the Sexual Offender Residence Statute, asserting that when he pled guilty to child molestation as a first offender, first offenders were not required to register. He relies upon *State v. Plunkett*, 277 Ga. App. 605 (627 SE2d 182) (2006), as authority for the proposition that the law does not require him to register. We disagree and affirm.

The record shows that although Peters was indicted for aggravated child molestation by committing sodomy with his niece, a child under the age of 16 years, using an *Alford* plea he pled guilty to the lesser included offense of child molestation as a first offender. On February 11, 2004, he was sentenced to a fine and to serve ten years probation. The additional conditions of probation for sex offenders contained no mention of either OCGA § 42-1-12 or § 42-1-13.

Nevertheless, during the guilty plea hearing, the following discussion took place:

[DEFENSE COUNSEL]: Judge, I would just want to make sure. We've filled out the form with regard to the conditions of supervision or whatever because it is a sexual offense. My understanding is that one of those would not include a need for him to register as a sex offender.

THE COURT: Is it on the form?

[PROSECUTOR]: There's no condition check that involves registering as a sex offender, Judge.

THE COURT: Okay.

[PROSECUTOR]: And this being entered under the First Offender, I'd think that would preclude that, but I don't know.

[DEFENSE COUNSEL]: That's my understanding.

[PROSECUTOR]: I don't understand everything that's . . .

THE COURT: Well, I'm not going to require him to register, but whatever. . . . There may be some other rule we aren't aware of making him register, but I don't know of any — What does the form say? Does it say — is it just silent?

PROBATION OFFICER: If it's First Offender, he does not have to register.

THE COURT: Okay.

[PROSECUTOR]: Within the laws of the State of Georgia, Judge, and that's my understanding of the laws of the State of Georgia.

THE COURT: All right. It's the sentence of the Court that you serve ten years. You can serve it in the state penitentiary. You can serve it on probation subject to the conditions of probation as set out in the Waiver of Rights form that you signed and subject to the conditions of probation that are entitled "Additional Conditions of Probation, Sex Offenders," and it's limited to those conditions which have been initialed by you in this form. You will serve your probation subject to that.

The court discussed other aspects of the probation Peters was required to serve, but these were the only portions of the guilty plea hearing concerning the sex offender registry.

In July 2005, Peters received an order from the local probation office that he was required to register as a sex offender and then received an order that he was required to vacate his home because of its proximity to a school. Shortly thereafter, Peters filed a complaint for a declaratory judgment against James E. Donald, Commissioner of the Georgia Department of Corrections (the "Commissioner") asking the court to declare that he was "not subject to the amended reporting requirement of OCGA § 42-1-12 as a sex offender."

His complaint alleged that when he "negotiated a plea and accepted the plea as a First Offender, there was [no] requirement for him to register as a sexual offender under OCGA § 42-1-12," and that "the registration requirement under OCGA § 42-1-12 is an infringement on [his] right under the Constitution of the United States and the State of Georgia and a breach of contract between the State of

Georgia regarding the plea." His argument regarding the breach of contract relies upon *State v. Hanson*, 249 Ga. 739, 746 (3) (295 SE2d 297) (1982), in which our Supreme Court held that public policy demanded that portions of an agreement between a party and the district attorney be enforced.

The Commissioner first filed a motion to set aside the temporary restraining order granted by the trial court and then answered the complaint. Among other defenses, the Commissioner asserted that Peters's complaint was moot because he had registered pursuant to OCGA § 42-1-12 and also asserted that nothing in the Code section existing at the time of the guilty plea exempted Peters from registering.

Ultimately, the trial court dismissed Peters's complaint. The court found that there was confusion about whether Peters would be required to register as a sex offender, but that in accepting Peters's guilty plea the court "neither required nor absolved [Peters] from registering as a sex offender." The court further found that

> [p]ursuant to changes to OCGA § 42-1-12 made by the Georgia General Assembly, [Peters] is now specifically required by that statute to register as a sexual offender "for the period of time prior to (his) discharge of his . . . sentence." OCGA § 42-1-12 (a) (3). Plaintiff Peters has already registered with the sex offender registry; however, because of the location of his residence, he is also in violation of OCGA § 42-1-13, which states that "no individual required to register as a sex offender under Code Section 42-1-13 [sic] shall reside within 1,000 feet of any child care facility, school, or area where minors congregate."

The court concluded that the prosecutor had no authority to exempt Peters from registering as a sex offender, and that, in any event, the prosecutor had made no such agreement. Moreover, the court also concluded that even if the judge accepting Peters's guilty plea "chose not to require registration as a sex offender at the time the plea was taken, that does not estop the General Assembly from adopting new rules regarding sex offenders subsequent to the plea. They have done so, and those rules must be enforced." Peters appeals from this order.

On appeal, Peters has abandoned his breach of contract claim based upon *State v. Hanson*, supra, 249 Ga. at 746 (3). Instead, he relies upon *State v. Plunkett*, supra, 277 Ga. App. at 605, for the proposition that he is not required to register. This reliance is misplaced because our decision in *Plunkett* was based upon a different version of the registration statute. There we held that

when OCGA § 42-1-12 (a) (3) was modified to require first offenders to register, the bill enacting the change explicitly stated: "This Act shall become effective on July 1, 2004, and shall apply to sentences imposed on or after July 1, 2004." Ga. L. 2004, p. 1066, § 3. Therefore, as Plunkett was sentenced in December 2001, the new statutory language does not apply to him, and the trial court was authorized to order that Plunkett need not register under OCGA § 42-1-12 (a) (3).

Id. at 606-607. *Plunkett,* however, did not consider amendments to the law after the 2004 amendment.

In 2005, the General Assembly again amended the registration statute by striking the former Code section in its entirety and substituting a new version of OCGA § 42-1-12. Ga. L. 2005, p. 453, § 1. This amendment removed the language stating that the act applied only to sentences imposed on or after July 1, 2004. The amendment provided that a

> "[c]onviction" includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime, a plea of guilty, or a plea of nolo contendere. A defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, *shall be subject to the registration requirements of this Code section* for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty. Unless otherwise required by federal law, a defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, shall not be subject to the registration requirements of this Code section upon the defendant's discharge.

(Emphasis supplied.) OCGA § 42-1-12 (a) (3) (2005). Section 2 of the act specifically provided that "[a]ll laws and parts of laws in conflict with this Act are repealed." Looking to the plain language and literal meaning of the amended Code section, *Diefenderfer v. Pierce,* 260 Ga. 426 (396 SE2d 227) (1990), first offenders, like Peters, are required to register. Therefore, after the effective date of this amendment, even first offenders convicted before July 1, 2004, like Peters, were required to register. We note that OCGA § 42-1-12 was again completely revised by the General Assembly, Ga. L. 2006, p. 379, § 24, July 1,

2006, and this new version of the Code section, among other categories, requires registration by any person who is convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor; is convicted on or after July 1, 2006, of a dangerous sexual offense; or was previously convicted of a criminal offense against a minor and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996. OCGA § 42-1-12 (e) (1)-(3). The new version of OCGA § 42-1-12 also does not contain the limiting effective date found in the 2004 amendment.

Accordingly, the trial court did not err by concluding that Peters was required to register as a sex offender.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 8, 2006 —

*Ralph L. Phillips*, for appellant.

*Thurbert E. Baker, Attorney General, Mary B. Westmoreland, Deputy Attorney General, Christopher S. Brasher, Senior Assistant Attorney General, Joseph J. Drolet, Kay B. Biebel*, for appellee.

