### A06A2247. ETHRIDGE v. THE STATE.
(641 SE2d 282)

MILLER, Judge.

William Russell Ethridge pled guilty to one count of child molestation. He now appeals, pro se, from the denial of his motion for an out-of-time appeal, arguing ineffective assistance of counsel and the trial court's failure to inform him of the right to withdraw his guilty plea. Discerning no error, we affirm.

When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must establish, by facts appearing in the record, including the transcript, that "he actually had a *right* to file a timely direct appeal which was frustrated by the ineffective assistance of his counsel." (Emphasis in original.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996); *Johnson v. State*, 275 Ga. 390, 391 (1) (565 SE2d 805) (2002). To do so, the defendant

> must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea because the issues he is raising can be decided from facts appearing in the record. [*Smith*, supra, 266 Ga. App. at 687.] If the defendant makes that showing, he must then show that he did not timely file a direct appeal because he received ineffective assistance of counsel. [*Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997).]

*Brown v. State*, 241 Ga. App. 359 (526 SE2d 873) (1999).

1. Ethridge contends that his right to file a timely direct appeal was frustrated by the ineffective assistance of counsel, arguing that trial counsel failed to object to a probation officer's testimony insofar as it indicated that he would not be required to register as a sex offender if he were sentenced under the First Offender Act (see OCGA § 42-8-60), and failed to advise him of his right to appeal. We disagree.

(a) Finding that Ethridge has raised an issue that may be decided upon facts appearing in the record with respect to the testimony of the probation officer, we analyze trial counsel's failure to object thereto for ineffectiveness.

Ethridge entered his guilty plea in November 2003. At that time, the statute governing sexually violent predators, former OCGA

§ 42-1-12 (a) (3), did not require that defendants afforded treatment as first offenders register as sex offenders. See Ga. L. 2002, p. 1400, § 1; *Evors v. State*, 275 Ga. App. 345, 345-346 (620 SE2d 596) (2005). OCGA § 42-1-12 (a) (3), amended in 2003 and made applicable to sentences imposed on or after July 1, 2004, required such registration as follows:

> A defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to the First Offender Act shall be subject to the registration requirements of this Code section for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty. . . . Ga. L. 2004, p. 1064, § 1.

(Punctuation and emphasis omitted.) *State v. Plunkett*, 277 Ga. App. 605, 606 (627 SE2d 182) (2006).

Since Ethridge entered his guilty plea prior to July 7, 2004, the testimony of the probation officer indicating that he would not have to register as a sex offender if he were sentenced as a first offender constituted an accurate statement of the then existing law. Consequently, trial counsel's failure to object to such testimony was not ineffective assistance. The "failure to make [a] meritless objection [does not] amount to ineffective assistance [of counsel]." *Scott v. State*, 272 Ga. App. 32 (2) (611 SE2d 712) (2005).

(b) Ethridge has not met his initial burden to raise an issue on appeal which could be resolved by facts appearing in the record insofar as he claims that his trial counsel was ineffective for failing to inform him of his "right" to appeal. *Brown*, supra, 241 Ga. App. at 359. Ethridge's right of appeal, as a matter of law, is one that is "qualified," not absolute. *Smith*, supra, 266 Ga. at 688. "If [Ethridge] had no right to file even a timely notice of appeal from the judgment of conviction entered on his guilty plea, he was not entitled to be informed of a non-existent 'right' to appeal. *Morrow v. State*, [266 Ga. 3, 4 (463 SE2d 472) (1995)]." (Punctuation omitted.) *Smith*, supra, 266 Ga. at 687.

2. Further, Ethridge contends that the trial court erred in denying his motion for out-of-time appeal in that it failed to inform him of his right to withdraw his guilty plea prior to sentencing. An out-of-time appeal, however, is a remedy for a right of appeal frustrated by ineffective assistance of counsel. *Smith*, supra, 266 Ga. at 687. Consequently, Ethridge has no right to an out-of-time appeal based on an alleged error by the trial court.

It would not be otherwise even had Ethridge cast his claim of error in terms of counsel's failure to object to the trial court's omission — this because the trial court sentenced Ethridge pursuant to a

negotiated plea agreement, foreclosing any duty in the trial court to advise him of the right to withdraw his plea. See Uniform Superior Court Rule 33.10; see also *McMillian v. State*, 266 Ga. App. 749, 750 (598 SE2d 371) (2004) (A court is not required to inform a defendant of the right to withdraw a guilty plea before sentence is pronounced unless it intends to reject a negotiated plea agreement.). As we indicated above, the failure to object to what is unobjectionable is not ineffective assistance of trial counsel. *Scott*, supra, 272 Ga. App. at 32 (2).

In light of the foregoing, the trial court correctly denied Ethridge's motion for an out-of-time appeal, and his remaining remedy is that of habeas corpus. *Grantham*, supra, 267 Ga. at 636; *Kane v. State*, 265 Ga. App. 250, 251 (593 SE2d 711) (2004).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 19, 2007.

William R. Ethridge, *pro se.*
Denise D. Fachini, *District Attorney,* Cheri L. Nichols, *Assistant District Attorney,* for appellee.