### A09A1060. RODRIQUEZ v. THE STATE.
(682 SE2d 133)

BLACKBURN, Presiding Judge.

On August 16, 2006, David Rodriquez, while represented by counsel, pled guilty to a single count of trafficking in methamphetamine.[1] On January 7, 2009, Rodriquez filed a pro se motion for an out-of-time appeal, seeking to challenge his conviction. As the grounds for his motion, Rodriquez asserted only that, at the time of his guilty plea, neither his attorney nor the trial court informed him of his right to appeal his conviction. Rodriquez now appeals, pro se, from the trial court's denial of that motion.

Because Rodriquez failed to establish that he had a right to a timely, direct appeal, he cannot show that the trial court abused its discretion in denying his motion for an out-of-time appeal. See *Fleming v. State.*[2] We therefore affirm the trial court's order.

---

[9] *Long v. Wallace,* 214 Ga. App. 466, 467 (2) (448 SE2d 229) (1994).

[1] OCGA § 16-13-31 (e).

[2] *Fleming v. State,* 276 Ga. App. 491, 491 (1) (623 SE2d 696) (2005).

"[A] criminal defendant has no unqualified or absolute right to file a direct appeal from a judgment of conviction and sentence entered upon a guilty plea. . . ." *Syms v. State*.[3] Accordingly, where such a defendant seeks an out-of-time appeal from his conviction, he bears the burden of proving "that he or she actually had a right to file a timely direct appeal. . . ." (Punctuation omitted.) *Kane v. State*.[4] A defendant can meet this burden only by showing that the issues he seeks to raise on appeal "can be resolved by facts appearing in the record [of the original criminal proceedings against him], including the transcript of his guilty plea hearing." *Fleming*, supra, 276 Ga. App. at 492 (1).

Rodriquez failed to demonstrate that he had the right to a timely, direct appeal from his conviction, "because he proposed no questions to raise on appeal which could be resolved by facts appearing in the record. Instead he merely asserted that he was not informed of his 'right' to appeal." *Smith v. State*.[5] "If [Rodriquez] had no right to file even a timely notice of appeal from the judgment of conviction entered on his guilty plea, [however,] he was not entitled to be informed of [that] non-existent right. . . ." (Punctuation omitted.) *Barlow v. State*.[6] See also *Syms*, supra, 240 Ga. App. at 442 (1). Accordingly, we affirm the trial court's denial of Rodriquez's motion for an out-of-time appeal.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JUNE 11, 2009 —
RECONSIDERATION DENIED JULY 13, 2009.

David Rodriquez, *pro se*.
*Joseph K. Mulholland, District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.

[3] *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).
[4] *Kane v. State*, 265 Ga. App. 250, 250 (1) (593 SE2d 711) (2004).
[5] *Smith v. State*, 266 Ga. 687, 688 (470 SE2d 436) (1996).
[6] *Barlow v. State*, 282 Ga. 232, 234 (647 SE2d 46) (2007).