**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 17, 2020**

# In the Court of Appeals of Georgia

A19A2216. COLLINS v. THE STATE.

MERCIER, Judge.

A jury found Stanley Collins guilty of aggravated assault, aggravated battery, cruelty to children, possession of a firearm during the commission of a felony and possession of a firearm by a first offender probationer. After his conviction, Collins filed a motion for new trial, which was denied. Collins appeals, contending that the trial court erred by replacing one juror with an alternate after the seated juror did not report to court on time on the first day of trial. Finding no abuse of discretion, we affirm.

OCGA § 15-12-172 provides, in relevant part: "If at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is

discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated." "OCGA § 15-12-172 vests the trial court with the discretion to discharge a juror and replace him or her with an alternate at any time so long as the trial court has a sound legal basis" for doing so. *Brooks v. State*, 281 Ga. 14, 18 (3) (635 SE2d 723) (2006) (citation and punctuation omitted). A juror's tardiness may provide a sound basis for his or her dismissal. Id.; *Herring v. State*, 224 Ga. App. 809, 811 (1) (481 SE2d 842) (1997) (trial court did not abuse its discretion by replacing juror who reported to court late due to car trouble).

In this case, the record shows the following facts. The prosecutor and defense attorney selected twelve jurors and two alternate jurors for Collins's trial. Thereafter, the court instructed the jurors to return the following morning at 9:30 for preliminary instructions and opening statements. The court gave the jurors business cards containing the phone number of the court's chambers and directed the jurors to call that number if any problems arose that would interfere with their service. The court then excused the jurors for the day.

The next morning, after the court considered an evidentiary matter, the bailiff announced to the court that one juror was absent. The deputy clerk stated that a court staff person had telephoned the juror and that the juror said he was still at home and

had to take care of his mother. The staff person told the juror that he needed to come to court right away, to which the juror replied, "it might be an hour to an hour-and-a-half." The staff person told the juror that he needed to "get here now"; the juror said, "okay." The juror had not called the court to report the conflict.

The court asked the attorneys how they wanted to proceed regarding the absent juror. The prosecutor replied that she wanted the juror to be replaced with one of the two alternates. Defense counsel requested that the court wait for the juror's arrival. Based on where the juror lived, the court remarked that the juror should be able to arrive in 15 minutes, not at one and one-half hours. The court added that it would delay making a decision and would instead wait for the juror to arrive to explain his situation.

At 11:20 a.m., the juror entered the courtroom.[1] The court then engaged in a colloquy with the juror. The court stated that the juror had failed to report to court that morning; that when the staff person called the juror, the juror said he had to take care of his mother and that he had no transportation; and that the juror had said on the previous day that he would rather earn $75 per hour on his construction job than

---

[1] It is unclear from the record exactly when the juror arrived. The juror entered the courtroom at 11:20, just after the trial court directed that he be brought in.

receive the $25 pay for jury duty, and that he wanted the court to pay his transportation costs. The juror apologized and stated that he should have phoned the court; that his brother told him that morning there would be no one to take care of their mother, who was diabetic; and that he did do construction work but that work was slow at the time. The court remarked that the juror's statements "did not ring true" and concluded that the juror "just didn't want to be here." The juror replied that that was not true. The court reiterated that the juror had been instructed to call the court if there was a problem, but that he had not done so, and that the court did not believe he was capable of serving properly. Over defense counsel's objection, the court dismissed the juror and replaced him with an alternate.

The trial court had a sound basis for dismissing the absent-then-tardy juror and replacing him with the alternate juror – the juror had not reported to court at the scheduled time and did not contact the court as instructed when a problem arose. The trial had not yet begun when the juror was replaced, and Collins has not shown prejudice by the trial court's act. See *Scott v. State*, 272 Ga. App. 32 (1) (611 SE2d 712) (2005). Accordingly, there was no abuse of discretion. See *Brooks*, supra; *Herring*, supra at 811-812 (1).

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*